(November 25, 1925.)

E. C. WHITE, Respondent, v. J. B. BERNHART, Appellant

[241 Pac. 367.]

ADJOINING LAND OWNERS — NUISANCE — WHAT CONSTITUTES PRIVATE NUISANCE.

    A dwelling-house placed by the owner upon his residence lots for legitimate and profitable improvement of the same and for a lawful purpose is not subject to abatement as a private nuisance merely because it detracts from the desirability of adjoining dwellings and obstructs the view of their · occupants, even though its exact location upon such lots may have been chosen through spite.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Publisher's Note.

    1. Abatement of private nuisance, when justifiable, see note in 43 Am. Rep. 24.

    Enjoining private nuisance as interfering with comfortable enjoyment of realty, see note in 10 Am. Rep. 674. See, also, 20 R. C. L. 429.

Action to enjoin maintenance of private nuisance.   Judgment for plaintiff.   *Reversed.*

Walter H. Anderson, for Appellant.

A private dwelling-house cannot be a nuisance.   (*Quintini v. Board of Aldermen,* 64 Miss. 483, 60 Am. Rep. 62, 1 So. 625.)

A building that is merely unsightly and located in a residence district is not a nuisance.   (Annotation in 107 Am. St. 232.)

An owner may erect structures on his own premises anywhere he likes for useful purposes, though done maliciously. (*Kuzniak v. Kozminski,* 107 Mich. 444, 61 Am. St. 344, 65 N. W. 275; *Letts v. Kessler,* 54 Ohio St. 73, 42 N. E. 765, 40 L. R. A. 177; *Pickard v. Collins,* 23 Barb. 444; *Dawson v. Kemper,* 32 O. L. J. 15; *Jenkins v. Fowler,* 24 Pa. 308.)

A man may erect on his own property structures even though he acts maliciously, and if it is otherwise not a nuisance the state of mind cannot make it so.   (*Phelps v. Nowlen,* 72 N. Y. 39, 28 Am. Rep. 93; *Anthony Wilkinson Livestock Co. v. McIlquam,* 14 Wyo. 209, 83 Pac. 364, 3 L. R. A., N. S., 733, *Falloon v. Schilling,* 29 Kan. 295, 44 Am. Rep. 642; *Metger v. Hochrein,* 107 Wis. 267, 81 Am. St. 841, 83 N. W. 308, 50 L. R. A. 305; *Jones v. Williams,* 56 Wash. 588, 106 Pac. 166; *Bordeaux v. Greene,* 22 Mont. 254, 74 Am. St. 600, 56 Pac. 218; 20 R. C. L. 430.)

Finis Bentley and H. B. Thompson, for Respondent.

"Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property . . . . is a nuisance."   (C. S., sec. 6420; *Sweet v. Ballentyne,* 8 Ida. 431, 69 Pac. 995; *Cavanaugh* v. *Corbin Copper Co.,* 55 Mont. 173, 174 Pac. 184; *Hunter v. Wood,* 277 Pa. 150, 120 Atl. 781; *Kobielski v. Belle Isle Creamery Co.,* 222 Mich. 656, 193 N. W. 214, 31

A. L. R. 183; *Everett v. Paschall,* 61 Wash. 47, Ann. Cas. 1912B, 1128, 111 Pac. 879, 31 L. R. A., N. S., 827; *State v. Houghton,* 144 Minn. 1, 174 N. W. 885.)

"While the doing of certain acts by a person in the use of his premises as a dwelling-house might not in themselves amount to a private nuisance, yet when the same acts are done wantonly and maliciously for the mere purpose of annoying his neighbor and to destroy the peace and quiet of his home, and they have such effect, they amount to a nuisance, which a court of equity will restrain." (*Medford v. Levy,* 31 W. Va. 649, 13 Am. St. 887, 8 S. E. 302, 2 L. R. A. 368; 11 R. C. L. 877; *Hibbard v. Holliday,* 58 Okl. 244, 158 Pac. 1158, L. R. A. 1916F, 903.)

BUDGE, J.—This is an action to abate a private nuisance. As the facts upon which the injunction is sought the complaint alleges that Sixth Avenue South, in Pocatello, is a street devoted exclusively to neatly kept residences, with the east front of all houses on the west side of the street located approximately 25 or 30 feet back from the sidewalk line; in block 266 respondent is the owner of Lots 1 and 2, the south half of Lot 5 and all of Lot 6, on the west side of the street, and had erected upon Lot 6 and the part of Lot 5 a six-room modern brick dwelling at a distance of 25 or 30 feet back from the sidewalk; prior to acts of the appellant which it is sought to enjoin, the said premises were attractive, inviting and desirable for residence purposes and free from obstructions to the view or of objects unsightly or offensive to the senses; 50 per cent of the value of the building lies in its location on an attractive residence street, its freedom from buildings obstructing the view to the north or south, or in any other direction, and offensive to the senses in that respect, or otherwise. Appellant is the owner of the north half of Lot 5 and the south half of Lot 4 in the same block, immediately to the north of the premises on which respondent's dwelling is located, and has caused to be moved from another location on to the premises owned by him an old, dilapidated frame dwelling-house approximately 26x30 feet.

Opinion of the Court—Budge, J.

This house at the time the action was commenced had not yet been placed upon a foundation but was still jacked up or stilted on wooden blocks and metal jacks, but appellant proposes to, and unless restrained by order of the court, would, locate it permanently upon the ground in such a position that the rear of the building would face Sixth Avenue South, within 11 feet of the sidewalk, and the front of the building would face the rear of the lot, and with its greatest dimension crosswise of the lot, instead of lengthwise, though the parcel of ground is 30 feet wide by 140 feet deep, and there are no trees, buildings or other structures within over 50 feet to the rear of the building as appellant proposed to locate it.

There are also allegations in the complaint to the effect that respondent made overtures to appellant to purchase the lots upon which the building above described has been placed and of appellant's refusal to reach an agreement with respondent to sell the same. Further allegations recite that due to certain business transactions appellant in placing the frame building on his premises was prompted to do so by reason of malice and ill will, for the sole purpose of injuring the respondent in the lawful use of his property, and that the location of said building by appellant upon the lots above described was done with the intent and for the purpose that the same should be offensive to the senses of anyone purchasing or occupying respondent's building on the adjoining lot, and be an obstruction to the comfortable and free use and enjoyment of the same. The location by the appellant of his building on said lot would in fact be without any benefit or advantage to appellant, and would greatly reduce both the rental value and the sale value of respondent's building. The complaint further alleges that the respondent has no plain, speedy or adequate remedy at law, and concludes with a prayer that an injunction issue enjoining and restraining the appellant from locating or continuing to maintain said building on said lot, and, pending the final determination and decision of said cause, that the defendant

be restrained and enjoined from further proceeding with the permanent location and construction of his building.

An injunction was issued by the trial court, a motion thereafter filed seeking its dissolution, which was denied. To the complaint a demurrer was filed which was overruled. Appellant thereafter answered admitting ownership of the respondent in the lots as alleged in the complaint, and ownership in himself of the lots upon which he also admits the frame building is located, and that he placed the same thereon as alleged in the complaint, but denies that·he did so by reason of ill will toward the respondent or for the purpose of revenge, or at a sacrifice of his own best interests, or that the respondent would be damaged or injured thereby.

The cause was tried to the court, judgment was had in favor of the respondent, perpetually enjoining the appellant, his agents, servants and attorneys and employees, and all persons succeeding to appellant's rights in the premises, from proceeding with the erection or maintenance of the house or building on the lot heretofore referred to, except in such position that it will be at the same distance back from the street line as other houses situated on the same side of the street in said block on each side of the appellant's premises, or from constructing, locating or maintaining the same in such manner or position except that when finally located it will be at such distance back from the street line. Appellant was further required within 30 days from the date of the entry of the judgment to relocate the house at a point generally speaking on a line with the houses on the same side of the street in the same block and to so construct it that it is not offensive to the sight or senses of the persons adjacent to the said premises on either side thereof, or of others. From this judgment this appeal is prosecuted.

Coming to the question of what is a nuisance and whether the appellant has created a nuisance such as respondent is entitled to have abated, we are first met by the general doctrine that every man may regulate, improve and control his own property, may make such erections as his own judgment, taste or interest may suggest, and be master of his

own without dictation or interference by his neighbors, so long as the use to which he devotes his property is not in violation of the rights of others, however much damage they may sustain therefrom. It is alleged in the complaint and supported by proof in the record that approximately 50 per cent of the value of the respondent's building lies in its location on an attractive residence street, and that respondent would be damaged in the sum of $1,500 should appellant be permitted to maintain the building upon his lot. Damages such as alleged and testified to are not of such a character as would warrant abatement of the building or support a permanent injunction against the owner denying him the right to complete the same as his business judgment or finances may dictate. The rule seems to be well settled that "a land owner may erect upon his land the smallest or most temporary kind of a dwelling-house . . . . in close proximity to the finest mansion . . . . and that for the mere sake of spiting the owner of such mansion . . . . by the contrast, without becoming subject to restraint at the hands of the courts. In other words, if the improvement itself is legitimate and lawful, it is not *per se* a nuisance,—the law will not inquire into the motives" of the party. (*Falloon v. Schilling*, 29 Kan. 295, 44 Am. St. 642.) Before the question of motive can be gone into, or at least before it can be allowed to have any bearing upon the result, the unlawful character of the act complained of must be established. From the record in this case it appears that the building was located entirely upon the lot of the appellant, that it was being placed there to be used as a residence, that in its location and construction and use there would be nothing injurious to the health or morals, indecent or offensive to the senses, or an obstruction to the free use of the property of the respondent, so as to interfere with the comfortable enjoyment of life or property; therefore it would not be a nuisance falling within the provisions of C. S., sec. 6420. The fact that it is unsightly or out of harmony in construction with adjacent buildings and therefore not pleasing to the eye would not make it offensive to the senses within the

meaning of C. S., sec. 6420, so as to warrant a holding that the building is a nuisance within the terms of that statute and subject to abatement. (*Grossman v. Galveston,* 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210. The building in no way interferes with the right of ingress or egress to the property of the respondent and in no manner encroaches upon it so as to interfere with its comfortable enjoyment, nor does it endanger the lives of the inhabitants thereof.

We do not think that the cases cited by appellant, *Sweet v. Ballentine,* 8 Ida. 431, 69 Pac. 995, *Hunter v. Wood,* 277 Pa. 150, 120 Atl. 781, *Kobielski v. Belle Isle Creamery Co.,* 222 Mich. 656, 193 N. W. 214, 31 A. L. R. 183, and other cases along the same line are in point, for the reason that it is not shown in the record that by reason of the location and completion of appellant's building, conditions would result paralleling those complained of in the cases relied upon. Neither do we think that it would fall within that class of cases where mining activities have been enjoined as nuisances within a residential section, or where creamery plants have been held to be nuisances where located within a residence district by reason of the noises at night from the movement of vehicles, the clinking of cans and bottles and the loud talking of men, thereby depriving the occupants of sleep and rest, or in that class of cases that enjoin and declare to be a nuisance morgues, undertaking parlors and the like. The record does not justify the conclusion that appellant seeks maliciously to use the building to the injury of the respondent and for no benefit or advantage to himself, and we are therefore of the opinion that the case of *Hibbard v. Holliday,* 58 Okl. 244, 158 Pac. 1158, L. R. A. 1916F, 903, is not controlling. In that case it appeared that the defendant constructed and maintained a high brick wall on the line between adjoining lots without advantage or benefit to himself in any legitimate manner, but erected and maintained it for the sole purpose of maliciously injuring the plaintiff in and about the use, occupation and enjoyment of his premises, and the rule is stated broadly that "the land owner's property right in real estate does not include the

right to use it malevolently solely for the injury and annoyance of his neighbor without intending to subserve any useful purpose of his own.'' There was no evidence introduced at the trial, as shown by the record in this case, that would reasonably tend to establish such a situation. Depreciation in property values not being a proper element of damages, evidence in this respect is not admissible, nor is such evidence competent for the purpose of proving the actual existence and gravity of the nuisance. (*Meek v. DeLatour,* 2 Cal. App. 261, 83 Pac. 300; *Cummings Realty & Investment Co. v. Deere & Co.,* 208 Mo. 66, 106 S. W. 496, 14 L. R. A., N. S., 822; annotations to 26 A. L. R. 939.) One has the right to improve his own property in any way he may see fit, provided the improvement is not such a one as the law will pronounce a nuisance, and this he may do although he makes such an improvement through malice or ill will. (20 R. C. L. 429.) Dilapidated buildings are not a nuisance merely because they are unsightly. (*Grossman v. Galveston,* 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210.)

The rule would seem to be that in order to create a nuisance it is not enough that it diminish the value of surrounding property, that it renders other property useless, or that it prevents one from renting his property for as large a sum as before. It must be such a tangible injury as renders the enjoyment of the property essentially uncomfortable or inconvenient. If an improvement such as the erection of a building is in itself legitimate and lawful, and not *per se* a nuisance, the fact that the erection is from spite will not subject the party making the erection to restraint by the courts.

The case may be disposed of under appellant's assignment of error No. 14. We do not deem that the evidence is sufficient to support the judgment. The judgment of the trial court is reversed, and the cause remanded with instructions to dissolve the injunction and dismiss the action. Costs are awarded to the appellant.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.