## GREEN v. SCHICK et al.

### No. 31607. Nov. 14, 1944.

### 153 P. 2d 821.

Blakeney & Blakeney, of Oklahoma City, for plaintiff in error.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for defendants in error.

DAVISON, J. This cause is presented to us on appeal from a judgment of the district court of Oklahoma county. It was instituted in the trial court by Roy Schick and Blanche Schick, husband and wife, as plaintiffs. They sought to obtain injunctive relief against Nora I. Green and C. E. Green, her husband, to prevent the two persons last named from constructing and maintaining a high board fence, painted red, between the adjoining properties belonging to the respective parties.

At the conclusion of the evidence it was determined by the trial court that the fence was built or being built partly for spite and partly for use. Upon this finding the further maintenance of the fence was enjoined and the defendants were ordered to tear it down.

Nora I. Green and C. E. Green, her husband, filed separate motions for a new trial, which were overruled. Nora I. Green, the owner of the property upon which the Greens live, presents the cause to us on appeal, appearing before us as plaintiff in error.

Hereafter the parties will be referred to in this opinion by their trial court designation. The Schicks were plaintiffs, the Greens were defendants.

The properties involved in this action are suburban acreage tracts located on East Reno about six miles east of Oklahoma City. The property belonging to the Greens is adjacent to and immediately east of that belonging to the Schicks.

The respective properties were acquired by the parties involved in this litigation about 1937. At first the families got along fine but trouble developed gradually. Disputes developed over the manner in which the properties were handled by their respective owners.

In February of 1943 the Greens decided to devote a portion of their property to the raising of turkeys. They placed an order for 100 turkeys to be hatched and delivered in May of that year and started the construction of the board fence involved in this action. It was made from one inch by eight inch boards eight feet long, standing side by side on their ends. It was their intention to place three feet of woven wire on top of the boards, thus constructing a fence eleven feet high. They had available enough wire to go around the proposed enclosure once but not enough for its entire construction.

The cost of the fence as constructed was about three times as much as its cost would have been had wire been obtained. Proof was introduced to indicate that wire was available and could have been obtained for use.

In pronouncing judgment, the trial court stated:

"This is a very close question. The Supreme Court of this state really hasn't answered the question. There is no question in my mind from the evi-

dence in this case and from a view of the premises and fence itself, *but what this fence was built mainly and primarily for spite*. The defendant himself, in his own testimony, without any need for any other evidence, shows that he was spiteful about the whole matter and he showed that he didn't even make any reasonable effort to find out if he could get wire. His testimony indicates he had been in hard circumstances over a long period of time and yet, in spite of that, he would spend three times as much as would be necessary to have built a wire fence in order to go out and get a board fence, in spite of the fact that at this present time we are supposed to be saving what ever money we have and applying it toward the war effort and to conserve material as much as possible. There isn't any question *but what the fence was built primarily for spite*. The point in this case, though. is determining whether or not, *if it were built for spite primarily and it would have a useful purpose*, this court can enjoin it nevertheless, as stated. I don't believe the Supreme Court of the State of Oklahoma has passed squarely on that question. The trend, though, of the authority seems to be that that type of structure will be enjoined and the Oklahoma Supreme Court in the Hibbard versus Halliday case definitely adopted the more modern trend of the cases and indicated it would follow the more Christian view of the situation and require, as between neighbors, that they do unto each other what the Bible would instruct us to do, not doing anything you wouldn't want the other fellow to do to you. For that reason it is the conclusion of this Court the injunction should be granted." (Emphasis ours.)

Two cases have been decided by this court dealing with the question now presented. In Bixby v. Cravens, 57 Okla. 119, 156 P. 1184, this court in affirming the decision of a trial court determined that the construction and maintenance of a board boundary line fence was proper if the fence was useful to the property owner who erected it. Later, in Hibbard v. Halliday, 58 Okla. 244, 158 P. 1158, we held that a wall constructed in such a manner as to interfere with the enjoyment of adjoining property constituted an actionable wrong and approved a judgment for damages based on the maintenance of such wall.

In the last-cited case we adopted and approved the view of the Supreme Court of Michigan as announced by Mr. Justice Morse in Burke v. Smith, 69 Mich. 380, 37 N. W. 838. Commenting on that case we said:

"It may be that prior to the opinion of Mr. Justice Morse in Burke v. Smith, supra, the weight of authority inclined toward the contention of counsel for the defendant, but since that date the trend of authority certainly has been the other way. It is true that the opinion of Mr. Justice Morse was not concurred in by a majority of the members of the court, but ever after its pronouncement it became the rule in Michigan without dissent. . . .

"As we fully agree with the reasoning and conclusion reached in these cases, that no man can pollute the atmosphere or shut out the light of heaven, for no better reason than that the situation of his property is such that he is given the opportunity of so doing, and wishes to gratify his spite and malice toward his neighbor, we are content to follow them, well pleased to find our pathway so thoroughly and satisfactorily illuminated."

In the case at bar the situation is different. The fence was constructed for spite and use. Our attention is directed to an annotation appearing in 133 A.L.R. 691 wherein, at page 701, the annotator comments:

"Where a fence or other structure which was built partly because of malice or spite serves a useful purpose, it is not actionable and cannot be abated even if it be assumed that such a structure would constitute an actionable or abatable nuisance if it served no useful purpose."

The conclusion of the annotator is supported by Daniel v. Birmingham Dental Mfg. Co., 207 Ala. 659, 93 So. 652; Kuzniak v. Kozminski, 107 Mich. 444, 65 N.W. 275, 61 Am. St. Rep. 344; Racich v. Mastrovich, 65 S.D. 321, 273 N.W. 660; Stroup v. Rauschelbach, 217 Mo. App. 236, 261 S.W. 346; White v.

Bernhart, 41 Idaho, 665, 241 P. 367, 43 A.L.R. 23; McCorkle v. Driskell (Tenn. Ch.) 60 S.W. 172, and DeMers v. Graupner, 186 Ark. 214, 53 S.W. 2d 8.

Our study of the foregoing authorities indicates that the trial court erred in the judgment entered and that the conclusion of the annotator was and is correct. This cause is determined upon consideration of the rule stated.

Reversed, with directions to enter judgment for the defendant.

GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C.J., concurs in conclusion.