## JOHN P. HARBISON vs. GEORGE W. WHITE AND OTHERS.

The statute (Gen. Statutes, tit. 19, ch. 17, part 9, sec. 4,) provides that an injunction may be granted against the malicious erection upon one's own land of any structure intended to annoy or injure any proprietor of adjacent land in respect to his use of the same. Held, that where such a structure was

maliciously erected, and was injurious to the adjoining owner, it was no defence that it served to screen the respondent's premises from observation.

And where such a structure was stealthily erected and was completed before an application for an injunction could be made, it was held that the court would grant an injunction against its continuance.

PETITION for an injunction; brought to the Court of Common Pleas of Hartford County, and heard before *Calhoun, J.* Injunction granted, and motion in error by the respondents. The case is sufficiently stated in the opinion.

*W. F. Henney*, for the plaintiffs in error, contended that, as it was found that the structure served a useful purpose, the case was not within the intent of the statute (*Haverstick* v. *Sipe*, 33 Penn. S. R., 370; *Pierre* v. *Fernald*, 26 Maine, 440; *Ward* v. *Neal*, 35 Ala., 602; *S. C.*, 37 id., 500; *Hubbard* v. *Town*, 33 Verm., 295; *Richardson* v. *Pond*, 15 Gray, 387; *Brooks* v. *Richardson*, 106 Mass., 31). That it was essential that some right be infringed (*Mahon* v. *Brown*, 13 Wend., 261, 265; *Parker* v. *Foote*, 19 id., 309; *Nelson* v. *Butterfield*, 21 Maine, 220; *Pierre* v. *Fernald*, 26 id., 438; *McCune* v. *Norwich City Gas Co.*, 30 Conn., 524; 3 Kent Com., 448). And that an injunction would not be granted to compel the removal of a structure already erected, but was wholly preventive in its operation (High on Injunctions, §§ 1, 2; *Attorney General* v. *N. Jersey &c. R. R. Co.*, 2 Green Ch., 136; *Washington University* v. *Green*, 1 Maryl. Ch. Dec., 97; *Sherman* v. *Clark*, 4 Nev., 138).

*C. J. Cole*, for the defendant in error.

PARDEE, J. The petitioner, averring that air and light were cut off from a portion of a dwelling-house owned by him, by means of a structure consisting of boards and posts maliciously erected by the respondents in the night season, asked the Court of Common Pleas for Hartford County to order the removal of it. The court finds that the allegations of the petition are true, and further finds that the structure was erected of boards roughly planed, at a distance of a little over three feet from the petitioner's block of houses, and was

eighteen feet high, and a little more than forty-eight feet long, and was of a nature to exclude the light and air to a great extent from the basement, lower story, and one-half of the second story of the block, and the houses of the block by reason thereof became less rentable; and further, that the structure would cause the snow, ice, and moisture to accumulate between the same and the block, and would injure the foundations and basement of the block; and that although the structure serves as a screen against a part of the houses, and to prevent the petitioner's tenants from overlooking the respondents' premises, yet it was not such as it ought to have been for that purpose, and was erected by the respondents maliciously, with the intent to annoy and injure the petitioner as the proprietor of the adjacent land in respect to his use of the same, and in the disposition thereof; and the court thereupon ordered the respondents to discontinue the structure under a penalty of $500.   They have brought the case before this court by a motion in error.

The act of 1867 (Gen. Statutes, p. 477, sec. 4,) provides that " an injunction may be granted against the malicious erection by an owner or lessee of land of any structure upon it, intended to annoy or injure any proprietor of adjacent land in respect to his use or disposition of the same."

Where one from pure malice shuts air and light from his neighbor's dwelling, this statute obviously intends to give the injured person more effective and speedy relief than comes from successive and long delayed actions at law for damages. Whenever one has formed a malicious plan and allowed his neighbor to have seasonable knowledge of his intention to execute it, he against whom the wrong is threatened has the power to prevent it by injunction; and, even if the plan is stealthily executed in the night season, and all opportunity for prevention is designedly denied to the neighbor, the structure does not secure a continuance of existence to itself. The statute regards the wrong doer as continually threatening to erect and maintain it, refuses any advantage to him from his deception, and enforces the speedy remedy precisely as if the wrong, instead of being a fact accomplished, still rested

in intention. It is a statutory application of the power of an injunction to the prevention of a particular form of mischief.

The respondents argue that inasmuch as the structure screened their premises from persons occupying the petitioner's house, they can maintain it. To concede this would be to nullify the statute; for it is not possible for malice to conceive any kind or form of structure which would not in some measure protect premises from observation. The finding is that malice prompted the erection of the structure in question. That it protected from observation must be regarded as an incident. The statute concerns itself wholly with the motive; therefore it enquires for that; that found to be malicious, the statute disregards the incident, and puts an immediate end to the wrong by injunction.

There is no error in the decree complained of.

In this opinion the other judges concurred.