JAMES FALLOON v. ADAM SCHILLING.

BUILDING, *Not Adjudged a Nuisance.* A was the owner of a homestead occupied by himself and family, the dwelling being within thirteen feet of a tract of vacant land belonging to B. B commenced erecting a house upon his ground close to the line. Thereupon A filed his petition, alleging that B, out of spite and because A had refused to sell him his homestead at a grossly inadequate price, was going to erect small tenement houses close to the line and fill them with worthless negroes. After issue joined the case went to trial, and from plaintiff's testimony it appeared that defendant had erected within four feet of the line a small tenement house of two rooms, without cellar or foundation walls, and in such condition that it could easily be moved; that the house was painted and looked neat, and was occupied by a colored preacher and his family who were well behaved, and that such a house would rent at five or six dollars a month. It also appeared that defendant threatened to punish plaintiff for refusing to sell his homestead at the price he had offered, and said that he would build small tenement houses in close proximity to such homestead, and then plaintiff would be glad to get a much less sum than he had offered. A demurrer to the evidence was sustained, and judgment entered for the defendant. *Held,* That the court

did not err; that although the defendant was acting from spite, yet the buildings which he was erecting were legitimate and profitable improvements of his property, were used for legitimate purposes, and could not be adjudged nuisances, no matter how disagreeable and annoying they might be to plaintiff.

### Error from Brown District Court.

INJUNCTION, brought by *Falloon* against *Schilling.* The facts are stated in the opinion. Trial at the January Term, 1882, of the district court, and judgment for defendant. The plaintiff brings error.

*James Falloon,* plaintiff in error, for himself.

*C. W. Johnson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of injunction brought by plaintiff in error, plaintiff below, in the district court of Brown county. On the trial of the case, after the plaintiff had finished his evidence, a demurrer thereto was sustained, and judgment entered for the defendant. The facts as stated in the petition are, that defendant was the owner of a tract of eighty acres adjoining the town of Hiawatha. Out of this tract he conveyed three-fourths of an acre to one Oscar Spalsbury, which last-named tract by sundry conveyances passed to and became the property of plaintiff. It was his homestead. His family consisted of himself, wife, and two boys aged respectively six and one years. Plaintiff's dwelling house is located within thirteen feet of the east line of his lot, and has three windows opening on that side. The town of Hiawatha has been growing rapidly for the last few years, and there is quite a demand for town lots. The eighty-acre tract, which as alleged was once wholly owned by defendant, is eligibly situated for the purposes of an addition to the town of Hiawatha, and defendant was anxious to lay off the entire eighty acres as such an addition. He offered plaintiff $1,600 for his property, which was refused, the same being reasonably worth $1,900 or $2,000. Thereupon defendant conceived the

oppressive and unlawful idea of rendering plaintiff's home obnoxious and unendurable to himself and family, by erecting cheap tenement houses on either side of plaintiff's land, and filling them with worthless negroes that they might annoy plaintiff's wife, who is a person in delicate health, and thereby punish plaintiff for refusing defendant's inadequate offer for the property. In pursuance of this purpose, defendant started to build one of these tenement houses directly on the line of plaintiff's land, and thus distant only thirteen feet from plaintiff's house. Upon these facts the petition prays for an injunction restraining the defendant from erecting such buildings. Defendant answered this petition by general and special denials. The case was called for trial, and from the plaintiff's testimony the ownership of the land appeared as alleged; also, the occupation of plaintiff's land by himself as a homestead, the efforts of defendant to purchase plaintiff's property, defendant's expressed intention of erecting small houses close to plaintiff's land and renting them to negroes to annoy plaintiff's family, and enforce him to accept the offer, and also defendant's statement that he would make plaintiff sorry for refusing the offer, and that when he had forced plaintiff out of his homestead, he would move away the buildings. In pursuance of this intention, he erected a small building about twenty feet by twelve feet, placing it within four feet of plaintiff's land. It was without cellar or foundation walls, and so constructed that it could be removed without injury. It was a house of two rooms, was painted, and of itself looked neat, and would rent for some five or six dollars a month. When completed, it was rented to a colored preacher, who occupied it with his family, consisting of himself, wife, and one child. This family behaved well. Such was the substance of the testimony. Plaintiff's complaint was, that defendant built this house close to his home and put this family into it for the purpose of annoying plaintiff, and not for the purpose of improving his own property. We have stated the allegations of the petition and the substance of plaintiff's testimony at length, in order that the full

ground of plaintiff's complaint may be perceived. Stated briefly it is, that defendant, the owner of adjacent lands, provoked at plaintiff because of his refusal to sell at his terms, and for the sake of annoying plaintiff and his family, erected small tenement houses close to plaintiff's land, and rented them to negroes. Do these facts entitle him to an injunction? Plaintiff invokes the familiar maxim, "*Sic utere tuo ut alienum non lædas*," and insists that under that he is entitled to the injunction prayed for. It will be perceived that plaintiff's complaint is two-fold: first, as to the kind of buildings that defendant is erecting; and second, the uses to which he intends putting them. He complains that defendant is erecting small shanties, and that he proposes filling them with worthless negroes. His testimony fails to fully sustain his allegations. It is true the building defendant has erected is a small tenement house of but two rooms, without cellar or foundation walls, and yet the plaintiff himself says the building looks neat. The building is rented to a negro family, but that family is the family of a preacher, and well behaved. It cannot therefore be said that defendant is filling his buildings with *worthless* negroes. Now does the fact that defendant is improving his property with small tenement houses — houses which do not compare favorably with plaintiff's homestead — and that he is renting those houses to negro families, give plaintiff a right to interfere by an injunction simply on the ground that defendant is so acting for the purpose of annoying plaintiff? We think not. Doubtless a party may obtain an injunction to restrain a neighbor from erecting or continuing on his premises a nuisance, but that as a general rule is the limit of interference. A man has a right to improve his own property in any way he sees fit, providing the improvement is not such a one as the law will pronounce a nuisance, and this he may do although he make such improvement through spite. And it may be laid down as a universal rule, that the size and quality of the improvement never of themselves constitute it a nuisance. A land-owner may erect upon his land the smallest or most

temporary kind of dwelling-house or store in close prox-
imity to the finest mansion or block of buildings, and that
for the mere sake of spiting the owner of such mansion or
block of buildings by the contrast, without becoming subject
to restraint at the hands of the courts.   In other words, if
the improvement itself is legitimate and lawful, is not, *per se*,
a nuisance, the law will not inquire into the motives with
which he acts.   It is true the law will interfere to pre-
vent the erection of a nuisance such as a stable, out-building,
etc., but not to prevent the erection of a store, tenement, or
anything of that nature.   Even where the building may or
not become a nuisance, according to the manner in which it
is used, the erection of the building will not be restrained.
High, in his work on Injunctions, § 488, says:

"Where the injury complained of is not, *per se*, a nuisance,
but may or may not become so, according to circumstances, and
where it is uncertain, indefinite or contingent, or productive
of only possible injury, equity will not interfere.   Thus, the
erection of a wharf, a railroad bridge, a planing mill, a liv-
ery stable, or a turpentine distillery, will not be enjoined
where the injury is only a possible and contingent one."

And in support thereof cites several authorities.   Again,
in § 496, the author states:

"It is no ground for interference that the erection of the
alleged nuisance would prevent the use of surrounding prop-
erty for such buildings as, in the ordinary course of affairs and
the extension of a city, would be erected, nor that it would
increase the rate of insurance on surrounding buildings."

Of course, these tenement houses, though small, would
when rented bring income to the defendant, and although he
might have means to erect larger buildings and thus obtain a
higher income, the size of the buildings is a matter for his
judgment alone to determine.   Again, even after buildings
which are in themselves perfectly legitimate and proper are
erected, they may be put to uses which are illegitimate and
improper, which will constitute them nuisances and justify
the interference of a court of equity.   Thus, if dwelling-
houses are used as houses of ill-fame, a court of equity will

restrain such use.   But the interference will be only to enjoin
the use and not to destroy the buildings.   But equity will
not interfere simply because the occupants of such house are
by reason of race, color, or habits, disagreeable or offensive.
A negro family is not, *per se*, a nuisance, and a white man
cannot prevent his neighbor from renting his home to a negro
family any more than he can to a German, an Irish, or a
French family.   The law makes no distinction on account of
race or color, and recognizes no prejudices arising therefrom.
As long as that neighbor's family is well-behaved, it matters
not what the color, race, or habits may be, or how offensive per-
sonally or socially it may be to plaintiff; plaintiff has no cause
of complaint in the courts.   We think, therefore, that neither
the size nor character of the building erected, nor the use to
which it is put, justified any interference on the part of the
courts.   The defendant used this property for his own bene-
fit in a legitimate way, created no nuisance, and, though he
may have acted with the utmost spite against the plaintiff,
yet so long as he keeps within the limits of legal action, the
courts will not interfere.   We have examined the various
cases cited by plaintiff, and see none directly in point, or that
will sustain his cause of action.   The case of *Harbison v.
White*, 46 Conn. 106, was decided under a local statute at-
tempting certain police regulations.   But even that does not
conflict with this decision.   The other cases are cases in
which the acts enjoined were of themselves nuisances.   We
find no case in which a party seeking to place an improve-
ment upon his own land, an improvement which will increase
his income, which improvement is not a nuisance, which does
not endanger the physical health or comfort of his neighbor,
is restrained from such improvement on the ground that it is
annoying and disagreeable to such neighbor, that it does not
correspond in character and kind with the improvements on
such neighbor's premises, that it would bring a different class
of people socially into immediate proximity to his neighbor,
and that all this was done and intended through spite against
such neighbor.   We think, therefore, the judgment of the

district court was right, and it must be affirmed; and it is so ordered.

All the Justices concurring.