SARAH J. SCOTT *vs.* THOMAS K. WILSON ET UX.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The conclusion of the trial court, that a fence built by the defendants
on the dividing line between their land and that of the plaintiff,
was erected maliciously and with an intent to annoy and injure
the plaintiff in the use of his land, is one that this court will not
review on appeal, unless it appears that the evidential facts upon
which that conclusion is based, or some of them, are legally or
logically inconsistent therewith.

Argued June 1st—decided July 20th, 1909.

ACTION to restrain the defendants from maintaining a
"spite fence" between their premises and the plaintiff's,
brought to and tried by the Court of Common Pleas in New
Haven County, *Wolfe, J.;* facts found and judgment ren-
dered for the plaintiff, and appeal by the defendants. *No
error.*

*Bernard E. Lynch,* for the appellants (defendants).

*David E. FitzGerald* and *Walter J. Walsh,* for the appel-
lee (plaintiff).

RORABACK, J.   The parties own and occupy adjacent
lots on the north side of Willis Street in the city of New
Haven.   It is a short street in a residential section, having
on its north side nineteen one-family dwelling-houses, all
similar in appearance and construction, with well kept
lawns extending from the houses to the sidewalk.   The
plaintiff's and defendants' lots each have a frontage of
thirty-three feet and are about one hundred feet in depth.
Shortly before the commencement of this action the defend-
ants, without consulting or obtaining the consent of the
plaintiff, erected a tight board fence about six feet high on

the boundary line between the plaintiff's and defendants' lots. The fence extends northerly a distance of about twenty feet from the sidewalk to a point nearly in line with the front of the plaintiff's and defendants' houses. Prior to the erection of this fence there was no fence or other structure between any of said lots from the front line of said houses to the sidewalk. It also appears that this structure is unsightly, unnecessary, cuts off the view from the plaintiff's premises, interferes with the circulation of air, and that the defendants are not on speaking terms with the plaintiff.

Section 1107 of the General Statutes provides that "an action may be maintained by the proprietor of any land against the owner or lessee of land adjacent, who shall maliciously erect any structure thereon, with intent to annoy or injure the plaintiff in his use or disposition of his land"; and § 1013 provides that "an injunction may be granted against the malicious erection by or with the consent of an owner, or lessee, or person entitled to the possession of land, of any structure upon it, intended to annoy and injure any owner or lessee of adjacent land in respect to his use or disposition of the same."

The gist of this action consists in the fact that the fence was maliciously erected for the purpose of annoyance and injury to the plaintiff.

The trial court reached the following conclusions: "That the fence in question serves and was erected to serve no useful purpose in the use and enjoyment of the defendants' land; that it is of a description, location and surrounding indicative of a controlling purpose, in its erection, to injure the plaintiff; that it does in fact injure the plaintiff in the use and enjoyment of her land; and that the fence was maliciously erected to annoy and injure the plaintiff in the use of her land."

The substance of the defendants' reasons of appeal is that the court below erred in drawing certain of its ulti-

mate conclusions from the facts found, and in rendering a judgment which is unsupported by the finding.

The determination of the trial court will not be reviewed by us for the purpose of reaching a conclusion from evidential facts, unless it appears that such facts, or some of them, are legally or logically inconsistent with the decision complained of. *Layton* v. *Bailey,* 77 Conn. 22, 58 Atl. 355.

It is found that the defendants acted from malicious motives, with a design to unnecessarily injure the plaintiff. It is further found that the effect of the defendants' wrongful action is to injure the plaintiff in the use and enjoyment of her property. There is nothing in the finding to show that the trial court acted improperly in reaching these conclusions. The facts found justified the court in reaching the decision that this structure was maliciously erected, with the intent of injuring and annoying the plaintiff. *Whitlock* v. *Uhle,* 75 Conn. 423, 53 Atl. 891.

There is no error.

In this opinion the other judges concurred.