DOMINICK DECECCO ET AL. *v.* MARGERIE W. BEACH

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued October 6—decision released December 6, 1977

*Robert M. Davidson,* with whom was *Alan R. Spirer,* for the appellant (defendant).

*James G. Verrillo,* for the appellee (plaintiff Ann Zeisler).

COTTER, J. The plaintiff, Ann Zeisler,[1] a property owner in the town of Westport, brought this action against the defendant, an abutting landowner, pursuant to §§ 52-480 and 52-570 of the General Statutes,[2] claiming damages and a temporary and permanent injunction against the continued existence of a fence and compelling its removal. Both parcels of land border the west branch of the Saugatuck River, and the plaintiff's house is situated upon her property so as to maximize the river view. The present dispute between the parties arose when the defendant constructed a ten-foot-high stockade-style fence on her property along the common boundary with the plaintiff's land, which structure followed the contour of the property forming an angle directly in front of the plaintiff's home. The ten-foot fence, which borders the plaintiff's property for sixty-three feet, is built in fourteen sections of six feet each and extends to approximately two

---

[1] The named plaintiff filed a withdrawal of action on August 6, 1975.

[2] "[General Statutes] Sec. 52-480. INJUNCTION AGAINST MALICIOUS ERECTION OF STRUCTURE. An injunction may be granted against the malicious erection, by or with the consent of an owner, lessee or person entitled to the possession of land, of any structure upon it, intended to annoy and injure any owner or lessee of adjacent land in respect to his use or disposition of the same."

"[General Statutes] Sec. 52-570. ACTION FOR MALICIOUS ERECTION OF STRUCTURE. An action may be maintained by the proprietor of any land against the owner or lessee of land adjacent, who maliciously erects any structure thereon, with intent to annoy or injure the plaintiff in his use or disposition of his land."

feet short of the river. The defendant does not challenge the trial court's findings of fact including the facts that the fence is unsightly and objectionable because it is ten feet high, with vertical and horizontal supports facing the plaintiff's property; that the plaintiff has a view of the river adjacent to her property on one side but no view of the river on the other side because of the last four sections of the fence closest to the river; and that, even without the existence of the last fifteen feet of the fence, the defendant would find it impossible to see the plaintiff's home. The trial court also found, which the defendant does not dispute, that the last four sections of the fence are particularly objectionable and unsightly to the plaintiff, and that the defendant admits that the last two sections of fence are unnecessary to ensure her privacy.

The trial court concluded that the last four sections of the fence, constituting twenty-four feet, which go to the river's edge blocking the plaintiff's view of the river, were not needed to ensure the defendant's privacy, which was only incidental to the wrong committed; that those sections of the fence have no use to the defendant under the statutes; that the defendant, owing to the foregoing and owing to the physical properties of the fence, demonstrated an intention to injure the plaintiff in the enjoyment of her land; that aside from the actual motive in the mind of the defendant, this portion of the fence was erected maliciously having regard to its character, location and use; and that the plaintiff has shown all the elements necessary to establish a violation of the statutes. See *Whitlock v. Uhle,* 75 Conn. 423, 53 A. 891; 1 Am. Jur. 2d, Adjoining Landowners, § 111.

The court ordered the defendant to remove the last four sections (approximately twenty-four feet) of the fence and enjoined her from building any further structures on this same section of land.

On the basis of the foregoing facts, the trial court might properly reach the legal conclusion that the fence was maliciously erected with intent to injure the plaintiff in the enjoyment of her land thereby causing an impairment of the value of adjacent land, and that the defendant erected the structure with the intent to injure the plaintiff in the use and enjoyment of her land because that portion of the fence was not constructed as it ought to have been for the purpose of privacy as claimed by the defendant. *Whitlock* v. *Uhle,* supra, 426; *Harbison* v. *White,* 46 Conn. 106, 108. Whether a structure was maliciously erected is to be determined rather by its character, location and use than by an inquiry into the actual motive in the mind of the party erecting it. *Whitlock* v. *Uhle,* supra, 427. "It is quite possible for a structure to bear on its face . . . convincing evidence that it was intended for a legitimate purpose, or that it was intended to injure the adjacent land and its owner. . . . The intention is not the motive from which it may have sprung, but the established purpose, from whatever motive, to use the land in a manner not justified by its ownership, and forbidden by law." Ibid. The intent to injure is determined mainly from the fact that the structure does impair the value of the adjacent land and injure the owner in its use, from the absence of any real usefulness of the structure, or a portion of it in the present case, to the defendant, and from the character, location and surroundings of the structure itself; and, once it is established

that malice was the primary motive in its erection, the fact that it also served to protect the defendant's premises from observation must be regarded as only incidental, since to hold otherwise would be to nullify the statutes. *Harbison* v. *White,* supra, 109; see 5 Powell, Real Property § 696, p. 280 (1949 Ed., 1977 Rev.).

The plaintiff was entitled to an injunction for the removal of the last four sections of the fence closest to the river, under the statute providing for the removal of any structure erected by a land-owner with malicious intent to injure the owner or lessee of the adjoining property. Under a proper finding of facts, based upon the evidence presented, including an on-site view of the premises, the trial court was justified in concluding that the defendant acted from malicious motives, with a design to injure the plaintiff unnecessarily in the use and enjoyment of her property. *Scott* v. *Wilson,* 82 Conn. 289, 291, 73 A. 781, citing *Whitlock* v. *Uhle,* supra.

The defendant has also assigned as error the trial court's refusal to find certain facts, the alleged creation of an unlawful visual easement, the court's failure to consider the defense of the "clean hands doctrine," and the scope of the injunctive relief granted to the plaintiff.

Corrections to the finding which the defendant seeks to add would not directly affect the ultimate facts upon which the judgment depends and no useful purpose would therefore be served by adding those facts to the finding. *State* v. *White,* 169 Conn. 223, 242, 363 A.2d 143; *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 481, 234 A.2d 825. Other

facts which the defendant asks us to include in the finding cannot be added since they are neither admitted nor undisputed. Practice Book § 628.

We cannot conclude as the defendant suggests that the judgment in favor of the plaintiff creates an unlawful easement across the defendant's land.[3] It is only incidental that the plaintiff, having established the elements necessary for relief under the statutes, might acquire in the process a limited view of the river. Such a result did not defeat similar causes of action decided under the statutes in favor of the plaintiff in several earlier cases decided by this court including, among others, *Whitlock* v. *Uhle,* supra, and *Scott* v. *Wilson,* supra.

In her second special defense the defendant claims that the plaintiff "sought and encouraged the participation of . . . DeCecco in this action, thus stirring up strife and litigation" so that "under the equitable maxim that 'he who comes into equity must come with clean hands,' " the injunctive relief should have been denied. DeCecco was an adjacent landowner under the statutes discussed above, as the record and transcript show, and thus had standing to bring a cause of action. The suit was commenced by writ, summons and complaint on December 27, 1974, and was filed with the court on January 17, 1975. As disclosed in the defendant's appendix to her brief, DeCecco sold his property in the spring of 1975 and, according to the judgment, withdrew his action on August 6, 1975, before trial

---

[3] The defendant argues in her brief that "[t]hese sections [§§ 52-480 and 52-570 of the General Statutes] do not provide owners with the right to assert visual easements over neighboring properties. Since the plaintiff is seeking to obtain a visual easement by virtue of this action, the action is not concerned with the malicious erection of a structure and judgment should enter for the defendant."

of the case. The allegations in the defendant's second special defense under the circumstances do not constitute wilful misconduct in regard to the matter in litigation so as to invoke the equitable maxim as claimed. *Lyman* v. *Lyman,* 90 Conn. 399, 406, 97 A. 312. The maxim should be applied in the trial court's discretion to promote public policy and the integrity of the courts, and is not one of absolutes. *Walsh* v. *Atlantic Research Associates,* 321 Mass. 57, 66, 71 N.E.2d 580; 27 Am. Jur. 2d, Equity, § 136; 2 Pomeroy, Equity Jurisprudence (5th Ed.) § 399. If no facts provable under a defense raised by the defendant would constitute a good defense to the action, that defense may properly be expunged. *Bock* v. *Meriden Trust & Safe Deposit Co.,* 135 Conn. 94, 100, 60 A.2d 918. The trial court did not abuse its discretion.

Finally, the defendant challenges the trial court's order enjoining the defendant from building any further structures on the section of land from which it ordered part of the fence removed. Although it is true that the issuance of an injunction and the scope and quantum of injunctive relief rests in the sound discretion of the trier; *O'Neill* v. *Carolina Freight Carriers Corporation,* 156 Conn. 613, 618, 244 A.2d 372; it may be inequitable to grant an injunction which would cause damage to the defendant greatly disproportionate to the injury of which the plaintiff complains. *Moore* v. *Serafin,* 163 Conn. 1, 6, 301 A.2d 238; see 42 Am. Jur. 2d, Injunctions, § 56. It was an abuse of the trial court's discretion and the court was in error in enjoining the building of any other structures on that portion of the land from which it ordered removal of the fence since that part of the judgment went beyond the relief to which the plaintiff was entitled under the statutes.

There is error only in the extent of the injunctive relief awarded; the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified in accordance with this opinion.

In this opinion the other judges concurred.