[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFFS' MOTION TO STRIKE SPECIAL DEFENSE
The facts alleged in the plaintiffs' complaint may be summarized as follows: On July 7, 1986, the plaintiffs renewed the fire insurance policy for their restaurant building through the defendant insurance agency (Bourgoin). Bourgoin in turn placed the fire insurance with various insurance companies through an insurance broker named Cowles and Connell, Inc. for CT Page 330 the policy year July 7, 1986 through July 7, 1987. As in the past, the insured value of the building was $175,000.00 with a deductible of $1,000.00.
On December 2, 1986, the plaintiffs requested, and the defendants agreed to obtain, coverage for an increased insured value of $275,000.00 with a deductible of $10,000.00. On December 9, 1986, Cowles and Connell responded to Bourgoin's request for higher coverage by stating that they required a current appraisal to reconsider the increased coverage request. Prior to January 22, 1987 the defendants Bourgoin did not advise or notify the plaintiffs of the Cowles and Connell communication.
On January 22, 1987 the plaintiffs' restaurant building was destroyed by fire and the insurance carriers paid $174,000.00 for the loss, rather than the $275,000.00 (less deductible) coverage that the plaintiff's believed had been secured through the defendant. The plaintiffs claim that as a result of the defendants' negligence, the plaintiffs sustained a loss.
On March 15, 1989, the defendants filed an answer to the amended complaint which contained a special defense which alleged that, "[t]he damages and losses complained of by the plaintiff are barred in whole or in part by the equitable doctrine of unclean hands."
The plaintiffs filed a motion to strike the special defense and a supporting memorandum on March 22, 1989, claiming that the equitable doctrine of unclean hands is not a defense to an action at law. The defendants filed an objection to the motion to strike on April 11, 1989, claiming that the Connecticut Supreme Court has held that a defendant is entitled to raise equitable defenses and claims in actions at law, to which the plaintiffs replied on April 17, 1989, asserting as an additional ground for their motion that the defendants had failed to allege the specific facts on which they rely.
The purpose of a motion to strike is to test the legal sufficiency of the allegations of any pleading. Conn. Practice Bk. 152; Alarm Applications Co. v. Simsbury Voluntary Fire Co.,179 Conn. 541, 545 (1980). All facts appearing in the pleading are admitted for this purpose. Id. Additionally, in ruling on the motion to strike, the court is limited to only these facts alleged. Rowe v. Godou, 209 Conn. 273, 278 (1988). The court also must construe the facts alleged in the manner most favorable to the pleader. Id. If the factual allegations would not support a defense, the motion to strike must be granted. Alarm Applications Co., 179 Conn. at 545. CT Page 331 section 52-1 states in relevant part:
 The superior court may administer legal and equitable remedies in favor of either party in one and the same civil action so that legal and equitable rights of the parties may be en enforced and protected in one action.
Conn. Gen. Stat. 52-1.
The defendants' special defense in the present case invokes the equitable doctrine of clean hands. "He who comes into equity must come with clean hands" is a maxim used as an equitable defense. DeCecco v. Beach, 174 Conn. 29, 34 (1977). While Connecticut does allow equitable defenses to be raised in a law action, the Connecticut Supreme Court has not specifically addressed the application of the equitable clean hands doctrine in such a situation.
However, that issue need not be decided because the defendants' special defense merely states that, "[t]he damages and losses complained of by the plaintiff are barred in whole or in part by the equitable doctrine of unclean hands." Conn. Practice Bk. 108 (rev'd to 1989) states in pertinent part:
 "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ."
The defendants must support legal conclusions in their special defense, with sufficient facts or allegations to inform the plaintiffs and the court as to what conduct constitutes unclean hands. Warner v. Liimatainen, 153 Conn. 163, 165 (1965).
The allegations in such a pleading must constitute wilful misconduct in regard to the matter in litigation before the maxim of clean hands may be invoked. DeCecco v. Beach,174 Conn. 29, 35 (1977). If the facts alleged do not constitute a good defense to the action, the clean hands defense may properly be stricken. Id.
Accordingly, the motion to strike the special defense is granted.
HAMMER, J. CT Page 332