[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES
This action was brought by a group of residents from the Town of New Milford against Margaret Koehler as executrix of the estate of Warren Koehler, and the Town of New Milford. The plaintiffs allege that the property of the defendant Koehler is used as a shooting range and activity at this range consists of target practice with various caliber weapons and live ammunition. Pertinent to the present motion before the court are counts one and six of the plaintiff's third amended complaint dated August 23, 1993. In count one, the plaintiffs allege that the conduct of the defendant Koehler has created a nuisance. In count six, the plaintiffs allege further that the unwarranted intrusion of bullets from the activity at the defendant's property has resulted in a trespass upon their properties.
On March 7, 1994, defendant Koehler filed an answer and three special defenses. the first special defense is directed to count one of the plaintiff's amended complaint and asserts that the actions of the defendant were "reasonable." The second special defense is also responsive to count one and states that the plaintiffs assumed the risk of the defendant's conduct. The third special defense is directed to count six and states that the defendant had the implied consent of the plaintiffs to conduct the shooting range activities.
On April 6, 1994, the plaintiffs filed a motion to strike all three of the defendant's special defenses on the ground that they fail to allege facts to support a legally sufficient defense. Pursuant to Practice Book § 155, the plaintiffs have filed a memorandum of law in support of their claim. The defendant has not filed an opposing memorandum of law.
A motion to strike may be used to challenge the legal sufficiency of any answer to any complaint. . . . or any part of that answer including any special defense contained therein. Practice Book § 152(5); Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(1983). When considering a motion to strike, the court must admit the truth of all facts well pleaded. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The court also construes the challenged allegations in a light most favorable to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint CT Page 6535 but show, notwithstanding that the plaintiff has no cause of action. Practice Book § 164; Pawlinski v. Allstate Insurance Co.,165 Conn. 1, 7, 327 A.2d 583 (1973). If no facts provable under the special defense raised by the defendant would constitute a good defense to an action, that defense must be stricken. DeCecco v.Beach, 174 Conn. 29, 35, 381 A.2d 543 (1977).
Count one of the plaintiffs' complaint is somewhat confusing in its allegations concerning nuisance. Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance.[1] Green v. Ensign-Bickford Co, 25 Conn. App. 479,490, 595 A.2d 1383 (1991). The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional. Id. "Intentional in this context means not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." (Internal quotation marks omitted.) Dingwell v. Litchfield, 4 Conn. App. 621, 624,496 A.2d 213 (1985). The facts alleged in paragraphs 10 and 12 of the first count of the plaintiff's amended complaint appear to state a claim in absolute nuisance.
The defendant's first special defense is directed to the plaintiffs' nuisance claim and asserts that at all times the defendant's conduct was reasonable. In order to prevail on a claim of nuisance a plaintiff must prove that:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful and (4) the existence of the nuisance was a proximate cause of [the plaintiff's] injuries and damages.
(Emphasis added and Citation omitted.) Tomasso Bros., Inc. v.October Twenty-Four Inc., 221 Conn. 194, 197, 602 A.2d 1011 (1992). If proven, the defendant has stated a defense which would demonstrate that the plaintiffs have no cause of action. seePawlinski v. Allstate, supra; Practice Book § 164. Accordingly, the plaintiffs' motion to strike the first special defense is denied.
The defendant's second special defense is also responsive to the plaintiffs' nuisance claim and appears to be asserting a defense of assumption of the risk. Assumption of the risk is a good defense against an action upon an absolute nuisance. Beckwith v.CT Page 6536Stratford, 129 Conn. 506, 514, 29 A.2d 775 (1942). To charge a plaintiff with assumption of the risk, it must appear that he knew or ought reasonably to have known and comprehended the peril to which he was exposed and, having such knowledge and comprehension, continued of his own volition to subject himself to that peril. (Citations omitted.) Starkel v. Edward Balf Co., 142 Conn. 336,342, 114 A.2d 199 (1955). The defendant's second special defense mirrors the language in the above citation, however, in reviewing a motion to strike the court does not admit legal conclusions.Mingachos v. CBS., Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The defendant has not pled any facts which if proven would establish that the plaintiffs knew of the peril of unwarranted intrusion of bullets yet continued by their own volition to subject themselves to that peril. Accordingly, the motion to strike the defendant's second special defense is granted.
In response to the plaintiffs' trespass claim in count six, the defendant pleads in her third special defense that the plaintiffs gave their implied consent to the activities on thedefendant's property. (Emphasis added.) (Defendant's answer and third special defense, March 7, 1994.) A party may justify entering onto someone's property by establishing consent of the owner, and in such a case trespass does not exist. Hanson v. Carroll,133 Conn. 505, 508, 52 A.2d 700 (1947). In her third special defense, however, the defendant has failed to plead that the plaintiffs consented to the alleged intrusion on the plaintiffs' property. Therefore, the motion to strike the third special defense is granted.
In summary, the plaintiffs' motion to strike the defendant's first special defense is denied. The motions to strike the second and third special defenses are granted.
PICKETT, J.