[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE SPECIAL DEFENSES
On September 13, 1993, the plaintiff, Ducci Kitchens, Inc., commenced the present action against the defendants, David and Angela Engle, seeking to foreclose on a mechanic's lien. The plaintiff alleges that pursuant to a written contract, the plaintiff provided services and materials in the design and installation of a kitchen on premises owned by the defendants. The plaintiff alleges further that the total amount due under the contract is $18,407.00 and that the defendants have paid $9,200.00. The balance owed the plaintiff is allegedly $9,207.00. On July 12, 1993, the plaintiff filed a mechanic's lien in that amount on the defendants' premises at 8 Upper Road in Lakeville. The plaintiff states that no payment has been made and now seeks foreclosure of the mechanic's lien.
On February 25, 1994, the defendants filed an amended answer and two special defenses. In the first CT Page 8091 special defense, the defendants assert that the plaintiff's mechanic's lien is invalid pursuant to the statutory limitations of General Statutes § 49-33 and § 49-36. The second special defense asserts that, pursuant to a general contract for construction of the subject premises, the defendants made payment of the funds owed to the plaintiff to G. Salmon and Son Builders ("Salmon"), the general contractor.
The plaintiff has now filed a motion to strike both of the defendants' special defenses. Pursuant to Practice Book § 155, the plaintiff and the defendants have each filed a memorandum of law in support of their respective claims.
A motion to strike may be used to challenge the legal sufficiency of . . . . any answer to any complaint . . . . or any part of that answer including any special defense contained therein. Practice Book § 152(5); Passini v.Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442 (1983). When considering a motion to strike, the court must admit the truth of all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The court also construes the challenged allegations in a light most favorable to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding that the plaintiff has no cause of action. Practice Book § 164; Pawlinski v.Allstate Insurance Co., 165 Conn. 1, 7, 327 A.2d 583
(1973). If no facts provable under the special defense raised by the defendant would constitute a good defense to an action, that defense must be stricken. DeCecco v.Beach, 174 Conn. 29, 35, 381 A.2d 543 (1977).
The defendants' first special defense asserts that the plaintiff's mechanic's lien is invalid pursuant to General Statutes § 49-33 and § 49-36. General Statutes § 49-33, in pertinent part, provides:
 (e) A mechanic's lien shall not attach to any building or its appurtenances or to the land on which the same stands or to any lot or to CT Page 8092 any plot of land, in favor of any subcontractor to a greater extent in the whole than the amount which the owner has agreed to pay to any person through whom the subcontractor claims subject to the provisions of section 49-36.
General Statutes § 49-33.
General Statutes § 49-36, in pertinent part, provides:
 (c) In determining the amount to which any lien or liens may attach upon any land or building, or lot or plot of land, the owner of the land or building or lot or plot of land shall be allowed whatever payments he has made, in good faith, to the original contractor or contractors, before receiving notice of the lien or liens . . . .
General Statutes § 49-36.
The plaintiff argues that the court should strike the defendants' first special defense because the plaintiff was acting at all times as an original contractor, completely independent of Salmon, the general contractor. The plaintiff states that the defendants admitted in their answer that an express contract existed between the plaintiff and the defendants. The plaintiff argues that said contract totalled $18,407.00 and that the mechanic's lien recorded by the plaintiff was in the amount of 9,207.00. Therefore, the plaintiff concludes that the limitations found in General Statutes § 49-33 and § 49-36 do not invalidate the lien.
The defendants have admitted that the plaintiffs' services and materials were provided pursuant to a written contract between the parties. However, in their first special defense, the defendants have alleged that they entered into a general contract with Salmon (Defendants' Special Defenses para. 2); that they made progress payments to Salmon which included amounts due to the plaintiff (Defendants' Special Defenses para. 3); and that the amount paid to Salmon, plus damages, CT Page 8093 significantly exceeded the price which the defendants agreed to pay Salmon for the construction of the residence. (Defendants' Special Defenses para. 5).
The plaintiff directs the court to the contract between the parties as a means of determining that the plaintiff is an original contractor and not a subcontractor of Salmon. However, in ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading. King v. Board of Education,195 Conn. 90, 93, 486 A.2d 1111 (1985). Introducing evidence on a motion to strike is improper, as this is equivalent of a speaking motion to strike. Markiewicz v. Bajor,3 Conn. L. Rptr. 13 (December 7, 1990, Fuller, J.).
The court has considered the facts alleged in the defendants' first special defense. Admitting the truth of those allegations, Ferryman v. Groton, supra, the defendants have sufficiently pled the special defense of General Statutes § 49-33 and § 49-36. Accordingly, the plaintiff's motion to strike the defendants' first special defense is denied.
The defendants' second special defense asserts that Salmon, as the general contractor, is liable to the plaintiff for any sums which may be due under the contract. The plaintiff has moved to strike this special defense on the same ground as the first special defense, that is, that the plaintiff was the original contractor and not a subcontractor of Salmon. Accordingly, for the reasons stated above, the plaintiff's motion to strike the defendants' second special defense is also denied.
PICKETT, J.