[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
In this action to recover on a promissory note and guarantee the plaintiff has moved to strike the special defenses filed by the defendants because they do not meet the requirements set forth in Practice Book § 164. The special defenses allege, in essence, that the plaintiff is barred from suing on the note and guarantee because the note is secured by a mortgage on a piece of commercial property and it is inequitable for the plaintiff to seek to recover the amounts due under the note and guarantee by means of an attachment on the residence of the defendants.
On November 17, 1977 Rudolph A. DiPietro, signed a Promissory Note in the principal amount of $305,000 (the "Note") payable to the Connecticut Development Authority ("CDA"). Dorothy DiPietro unconditionally and absolutely guaranteed the payment of principal, interest and all other monies due under the Note. The complaint alleges that the defendants failed to pay the installment of principal and interest due on August 1, 1994 and every month thereafter.
CDA began this action by attaching a parcel of real property belonging to Dorothy and Rudolph DiPietro located at 132 Harlan Street in Manchester, Connecticut. That property, apparently, is the residence of the DiPietros. The special defense filed by Dorothy DiPietro states:
 If the defendant, DOROTHY DIPIETRO, did sign the guaranty document, the plaintiffs [sic] debt is secured by a first CT Page 5261-WWWWWWW mortgage on commercial real property owned by the defendant, RUDOLPH A. DIPIETRO. This commercial property's fair market value is well in excess of $1,000,000.00. Equity demands that after 18 years of Rudolph DiPietro faithfully making payments to the plaintiff pursuant to the aforesaid mortgage that the marital residence of Dorothy DiPietro not be used to initially and primarily satisfy the plaintiff's mortgage.
Rudolph's special defense is substantially similar to the special defense set forth above.
Practice Book § 164 provides, in part, "No facts may be proved under either a general or special denial except such facts as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show notwithstanding, that he has no cause of action, must be specifically alleged." In other words, "[T]he function of a special defense is to set forth those facts which show that the plaintiff is without a cause of action for reason other than the claimed inaccuracy of the facts asserted in the complaint." ScanAssociates, Inc. v. Civitello Building Co., Judicial District of New Haven, CV93 0350643 (January 24, 1994, Hodgson, J.). "If no facts provable under the special defense raised by the defendant would constitute a good defense to an action, that defense must be stricken." Dececco v. Beach, 174 Conn. 29, 35, 381 A.2d 543
(1977).
In this case the special defenses do not create a good defense to the action. They do not assert any invalidity in the note, or justifiable reason for the failure to make payments due thereunder. Instead, they merely protest the plaintiffs course of action in attempting to secure a judgment it may obtain on the note and guarantee.
To the extent the special defenses attempt to allege that the Note is secured by a mortgage and the plaintiff must foreclose the mortgage, rather than sue on the Note, they misstate the law. "It is well established that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor. A mortgagee may pursue an action at law for the amount due on the promissory note, or it may pursue its remedy in equity and foreclose on the mortgage. Hartford National Bank Trust Co. v.Kotkin, 185 Conn. 579, 581, 441 A.2d 953 (1981)." People's Bankv. Bilmor Building Corporation, 28 Conn. App. 809, 816, 817,614 A.2d 456 (1992). CT Page 5261-XXXXXXX
This is an action at law on a promissory note, and not an action in equity. Therefore, the equitable claims made in the special defenses do not constitute a valid defense.
For the foregoing reasons, the Motion to Strike the Special Defenses is granted.
By the court,
Aurigemma, J.