[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10063
This is a summary process action based on nonpayment of rent in August, 1997. Although in his answer the defendant denied that he failed to pay rent in August, 1997, in his testimony before the court, he admitted that he had not paid rent for that month nor for several prior months. This is a binding judicial admission.Pedersen v. Vahidy, 209 Conn. 510, 520 (1989).
By way of attempted explanation, the defendant claimed that he had overpaid his rent for ten previous months and that, therefore, no rent was owing the plaintiff. The defendant's tenancy was subsidized pursuant to the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act; 42 U.S.C. § 4601 et seq.; and the Uniform Relocation Assistance Act. General Statutes § 8-266 et seq. In accordance with this legislation, the parties had signed a Connecticut Department of Housing Rental Assistance Program Lease on July 12, 1996 which provided that the defendant would pay the plaintiff a monthly rental of $203.00 to the plaintiff, with the balance of $517.00 being government subsidized.
It is true that the defendant had paid the plaintiff over $400.00 for several months. These additional monies were paid toward a deposit on an option to purchase the dwelling. Indeed, the dwelling had been advertised for rent with an option to purchase. The defendant's claim that the plaintiff unilaterally insisted that he pay more than $203.00 per month is not credible. The defendant knew full well from his written lease that his monthly rental was $203.00, the plaintiff was in no position to demand more money from the defendant, and the defendant is no fool. However, he has been foolish insofar as he has asserted an untenable position in this litigation. Whether the court would have otherwise exercised its equitable jurisdiction in this matter in light of the additional monies which the defendant paid the plaintiff toward the option to purchase; Fellows v. Martin, 217 Conn. 57, 584 A.2d 458 (1991); it is not disposed to do so in favor of a litigant who has not been candid with the court. He who comes into equity must come with clean hands. Shepaug Voting Cases, 60 Conn. 553, 587 (Super. 1860). "The maxim should be applied in the trial court's discretion to promote public policy and the integrity of the courts. . . ."DeCecco v. Beach, 174 Conn. 29, 35 (1977).
The defendant also claims that he should be credited for labor he performed in connection with improvements to the premises. This CT Page 10064 one doesn't work either. Not only was this a distinct transaction, but it appears that parties agreed on a flat price of $6000.00 for these improvements. The defendant was paid that sum either directly or by way of credits on his past rent.
Judgement of possession may enter for the plaintiff.
BY THE COURT
Bruce L. LevinJudge of the Superior Court