WILLIAM F. WHITLOCK ET UX. *vs.* FREDERICK L. UHLE.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, Rev. 1902, §§ 1013, 1107, provide legal and equitable
remedies for the " malicious " erection of a structure which is in-
tended to annoy and injure the owner or lessee of adjacent land in
his use or disposition thereof. In the present case it appeared that
the defendant had wilfully constructed a high board fence, which
was useless to him and which injured and was intended to injure
the plaintiff and his adjacent land. *Held* that upon these facts the
trial court might properly reach the legal conclusion that the fence
was "maliciously " erected with intent to annoy and injure the
plaintiff in his use of such land.

The mere fact that the objectionable structure was added to one in
other respects lawful, for the purpose of injuring the plaintiff, is
not inconsistent with the existence of the defendant's unlawful in-
tent.

It is not essential to the " malicious " erection of a structure, that the
defendant should have constructed it from feelings of personal
spite, hatred or ill-will against the plaintiff.

After trial and judgment upon the merits, it is too late to take advan-
tage of an insufficient or defective statement of a material fact, pro-
vided such fact is substantially alleged.

Argued November 5th, 1902—decided January 7th, 1903.

ACTION to secure the removal of a fence claimed to have
been maliciously erected with intent to injure and annoy the
plaintiffs in the use of their adjacent land, brought to the
Court of Common Pleas in Fairfield County and tried to
the court, *Curtis, J.;* facts found and judgment rendered for
the plaintiffs, and appeal by the defendant. *No error.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain,* for the appellant (defendant).

*Levi Warner,* for the appellees (plaintiffs).

HAMERSLEY, J. The plaintiff Mrs. Whitlock and the de-
fendant are owners of adjacent lots of land, each with a dwell-

ing-house thereon. The dividing line is marked by a picket fence three and one half feet high, distant about thirty-one feet from Mrs. Whitlock's house. On July 14th, 1900, the defendant erected along the line of said picket fence a fence about nine feet high, the part above the picket fence being a tight board fence of common boards, and extending from within sixteen feet of the street line about one hundred and sixteen feet to the rear. Said board fence is unsightly and cuts off the view from the plaintiff's house, and interferes to some extent with the circulation of air about said house.

Section 982 of the General Statutes (Rev. 1902, § 1107) provides that " an action may be maintained by the proprietor of any land against the owner or lessee of land adjacent, who shall maliciously erect any structure thereon, with intent to annoy or injure the plaintiff in his use or disposition of his land "; and § 1277 (Rev. 1902, § 1013) provides that " an injunction may be granted against the malicious erection by or with the consent of an owner, or lessee, or person entitled to the possession of land, of any structure upon it, intended to annoy and injure any owner or lessee of adjacent land in respect to his use or disposition of the same."

The complaint in this action substantially alleges the erection of the fence described, that it injures the value of the plaintiff's land, and injures her in her use and occupation of said land, and was erected maliciously with intent to injure and annoy her; and claims, by way of equitable relief, an injunction against the continuance of said fence and damages, and, as an alternative relief, damages suffered from the erection of the fence.

The answer admits the erection of the fence and denies the other material allegations of the complaint, and affirmatively alleges that the fence was erected to protect the defendant in the use of his own land from annoyances caused by the plaintiff, and for the sole purpose of making a safe enclosure within which his horses might take exercise, and to protect them and other property of the defendant from missiles thrown from the property of the plaintiff. The plaintiff denied these allegations.

The trial court found the issues for the plaintiff, and granted an injunction against the continuance of the fence as described.

It appears from the judgment and the finding of the court, that the fence in question injures the value of the plaintiff's land, and injures the plaintiff in the use of her land; that the objectionable and injurious part of the fence, i. e., the five and one half feet of tight boards above the picket fence (against the continuance of which the injunction was issued) was not constructed for the purposes stated in the defendant's answer; and that said fence was erected in order to injure and annoy the plaintiff.

There is nothing in the record which would justify us in holding that the court acted illegally in finding these facts, or that in reaching the facts the court applied to the evidence before it any erroneous view of the law. These facts being found, the court might properly reach the conclusion that the structure was "maliciously" erected, with intent to injure and annoy the plaintiff in the use of her said land. The essential claim of the defendant, as gathered from the assignments of error, is that there are certain facts stated in the finding which are legally inconsistent with the conclusion reached by the court. Before dealing directly with this claim, it is convenient to examine the purpose and scope of the legislation which has created a new liability in such case.

Sections 982 and 1277 (Rev. 1902, §§ 1013, 1107) were first enacted in 1867, and were included in one Act. Public Acts of 1867, p. 74, Chap. 30. In the Revision of 1875 the language of that portion of the Act defining the liability was considerably condensed, and the provision providing for equitable relief as well as legal relief was placed in a different title. The Act as included in this Revision has since remained in force without any change. In view of the fact that the legislature in the Revision of 1875 endeavored to condense the language of many existing laws, without any purpose of changing their meaning and effect, we think the condensation in this case cannot be treated as new legislation, and does not work any material alteration in the purpose and scope of the Act.

The Act of 1867 deals with property in land and creates a new duty and right in respect to such property, limited to land owned by adjoining proprietors. Under certain conditions damage done by a landowner to the land of an adjoining owner, which at common law raised no liability, is made a legal damage, and a liability to pay that damage is created. These conditions are: A structure erected on the owner's land; a malicious erection of the structure; an° impairment thereby of the value of adjacent land; an intent by means of the structure to injure the adjacent owner in the enjoyment or disposition of his land. Briefly stated, the Act is this: The erection of any structure on one's own land, which impairs the value of adjacent land, shall hereafter create a liability to pay the damage thus caused, when the structure is maliciously erected and erected with an intent thereby to injure the adjacent owner in the use or disposition of his land; and the commission of such injuries may be restrained by injunction.

The fact that this Act is in derogation of common law, disturbs previously existing rights of property, and creates a new right difficult of reasonable enforcement except in a clear case, demands that its effect should not be extended beyond the evil it was intended to remedy. The evil was not injury of adjacent land by the use of one's own land, without taking the necessary and reasonable precautions to avert such injury, as may happen in building close to a neighbor's line; such evil is provided for by the common law. It is not the use of one's own land for maintaining a nuisance by which a neighbor suffers damage; that evil is provided for by the common law. Still less is it the bickerings, spite, and hatred arising from neighborhood quarrels; it is difficult for any legislation to remedy such evil. Plainly, the real evil consists in the occasional subjection of a landowner to the impairment of the value of his land by the erection of a structure which substantially serves, and is intended to serve, no purpose but to injure him in the enjoyment of his land; and so a new exception is made to the absolute power of disposition involved in the ownership of land, as well as to the absolute

submission involved in that ownership to the chances of damage incident to the use by each owner of his own land.

We think it follows from this purpose of the Act, and from the conditions which define and limit this exception or new right and duty incident to the ownership of land, that the intent to injure by the erection of the structure is an intention which must be discovered mainly from the fact that the structure does impair the value of adjacent land and injure the owner in its use, from the absence of the reasonable possibility of any real advantage, whether of profit, protection, or pleasure, in the use of the land, and from the character, location and surroundings of the structure itself. It is quite possible for a structure to bear on its face, as it were, convincing evidence that it was intended for a legitimate purpose, or that it was intended to injure the adjacent land and its owner. Such intention relates to the thing done, its purpose and effect, and does not depend on the existence or nonexistence of personal spite or ill-will. The intention is not the motive from which it may have sprung, but the established purpose, from whatever motive, to use the land in a manner not justified by its ownership, and forbidden by law. When a structure, useless to the owner, injuring adjacent land and its owner, intended to work such injury, is wilfully erected, it is maliciously erected ; that is, it is erected in knowing disregard of the law and the rights of others.

This Act has been before us in two cases. In *Harbison* v. *White*, 46 Conn. 106, the structure was clearly an unlawful one, and the opinion throws no special light upon the statute. In *Gallagher* v. *Dodge*, 48 Conn. 387, 392, the structure was clearly lawful, but in the opinion announced by LOOMIS, J., the purpose of the statute is somewhat discussed, and this discussion is suggestive of the view we have taken.

Such being the purpose and scope of the Act, the claims of the defendant cannot be maintained.

It is urged that the fact found by the court, that the fence in question forms part of an enclosure built all at one time, in which the defendant's horses might exercise, is inconsistent with the finding of the statutory intent. This plainly

is not so. The court finds that the objectionable and injurious structure, against which the injunction is issued, is not a necessary part of this enclosure, extends beyond it, and was not in fact erected for the purpose claimed. The mere fact that the injurious structure was added to one in other respects lawful, for the purpose of injuring the plaintiff, is not inconsistent with the existence of the unlawful intention.

It is further urged that the fact, as found by the court, that the defendant's wife was on bad terms with the plaintiff, entertained for her spite and ill-will, engendered by fancied injuries which had not in fact been inflicted, and insisted on the erection of the structure in order to gratify that spite by thus injuring the plaintiff, and that the defendant, knowing the feelings of his wife, erected the structure, but with the primary motive, so far as he was concerned, of keeping peace in his family, is inconsistent with a malicious erection by the defendant.

This is not so. Possibly the ill-will of the wife, and the extent to which it may have been shared by the husband, may have had some evidential weight, but neither the spite of the wife towards the plaintiff, nor the adoption of that spite by the husband, was essential to a malicious erection by the defendant. As we have said, the court having found that the structure impairs the value of the plaintiff's land, serves, and was erected to serve, no purpose in the use and enjoyment of the defendant's land, is of a description, location and surrounding indicative of a controlling purpose in its erection to injure the plaintiff, and does in fact injure the plaintiff in the use of her land, there is no legal barrier to the finding necessary to support the judgment, to wit, that the structure was maliciously erected with intent to annoy and injure the plaintiff in the use of her land.

The possible mistake suggested by the record is the finding that the structure did substantially impair the value of the plaintiff's land; but there is nothing to show that such finding was influenced by an erroneous view of the law, and no error of this kind is assigned or claimed.

The defendant claims that an intent to injure the plaintiff

in respect to the use of her land is a fact essential to any recovery in this action, and that no allegation of this essential fact can be found in the complaint, and therefore the judgment cannot be supported, although the court has found the fact.

We think the complaint can fairly be regarded as asserting this fact, although possibly in an insufficient manner. The plaintiff in her answer denied the fact. In the absence of demurrer, and after trial and judgment upon the merits, it is too late to take advantage of an insufficient statement of a fact substantially affirmed.

The appeal assigns certain rulings on evidence as erroneous. The exceptions to these rulings are not well taken, and this ground of error is not urged in the defendant's brief.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.