UNITED PETROLEUM CORPORATION ET AL. *v.* ATLANTIC
REFINING COMPANY ET AL.

CIRCUIT COURT                                    TWELFTH CIRCUIT
FILE No. CV 12-6502-5429

Memorandum filed April 21, 1965

*Gersten, Butler & Gersten,* of Hartford, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for the dedendants.

MONCHUN, J.  This action, asking for damages as well as an injunction and a decree restraining the defendants from completing or continuing to maintain a sign alleged to have been erected on the defendants' land maliciously and with intent to annoy and injure the plaintiffs in the use and enjoyment of their land, falls within the provisions of §§ 52-480 and 52-570 of the General Statutes.  Sec-

tion 52-480 provides for the granting of an injunction, while § 52-570 provides a legal remedy in damages for the same type of malicious erection. Our laws have provided a remedy against this type of malicious erection for many years, and, though these specific statutes have not been cited in many cases, the cases that do involve the aforesaid statutes are excellent in their research and treatment of the questions involved.

In the present case, the defendants have almost completed the erection of a billboard sign on posts set on their land and adjacent to land of the plaintiffs. The plaintiffs and the defendants operate adjacent gasoline stations on Main Street, East Hartford; at this point the highway is separated by a divider. It is possible to enter the stations only from the southbound traffic lane. The defendants' station is north of the plaintiffs' station; traffic must pass the defendants' station to get to the plaintiffs' station.

The plaintiffs' station was in existence prior to the defendants' station. The defendants erected their station in 1964 and commenced operations December 24, 1964. In January, 1965, the commencement of the erection of the sign began. The sign, as erected, blots out a sign of the plaintiffs which advertises the price of their gasoline to oncoming traffic from the north. The plaintiffs' price sign is visible to traffic from the south but the highway divider, for all practical purposes, prevents any of the traffic from the south from using either station.

It has been said that an author is the product of the thousands of books that he has read. It can be said that a judge's decision is the result of the countless legal opinions that he has studied. In this present matter, it can be further said that this memorandum is the product of the opinions previ-

ously referred to plus the knowledge gained by several personal observations of the gasoline stations in question, by observations of other stations and their advertising technique on their premises, and by thought as to modern-day practices in advertising and competition.

The propriety of the granting of the building permit for the erection of the billboard sign and an alleged zoning violation were matters entered into at some length by both parties. The pleadings failed to mention any questions with reference to zoning, but counsel, because of the equitable aspects of the case, presented evidence relating to the issuance of the building permit. The court finds that the permit was issued in accordance with the interpretation of the East Hartford zoning regulations by the building inspector, and the court further finds no reason to disturb the building inspector's interpretation. A new interpretation cannot and should not be allowed. See *Parker-Quaker Corporation* v. *Young*, 23 Conn. Sup. 461.

At this point, it becomes apparent that this case may best be determined by adopting the formula used in *Whitlock* v. *Uhle*, 75 Conn. 423, 426, to determine the sufficiency of a cause of action under the two statutes listed previously, §§ 52-480 and 52-570. The formula calls for the following: (1) A structure erected on the owner's (defendant's) land; (2) a malicious erection of the structure; (3) the intention to injure the enjoyment of the adjacent landowner's land by the erection of the structure; (4) an impairment of the value of the adjacent land because of the structure; (5) a structure useless to the defendant; (6) the impairment, in fact, of the enjoyment of the adjacent landowner's land.

The court finds that points (1), (4) and (6) of the formula as called for are satisfied. A structure

(the billboard sign) was erected on the defendants' land. The plaintiffs operated an independent gasoline station, a station selling gasoline without a brand name. This type of station attracts customers by advertising a lower price for gasoline and not by advertising on a large scale the name of their gasoline as is done by the well-known brand-name gasoline companies. The plaintiffs feature price, and the ability of oncoming traffic to see this price is of utmost importance. Visual exposure of the price sign to the public is the base on which this station operates and survives. It is found that the defendants' billboard sign does, and will, impair the value of the plaintiffs' land (the adjacent land to the defendants); the enjoyment, businesswise, of the adjacent plaintiffs' land is in fact impaired.

Point (5) of the formula requires that the structure erected by the defendants which forms the basis of the suit by the plaintiffs be determined as useless to the defendants. It cannot honestly be said that the structure is without any value to the defendants, but in all cases of this nature the structure erected by a defendant can be argued by the defendant as having some value to the defendant. The billboard sign has value to the defendants in that it blots out the plaintiffs' competitive price sign, but, of course, this cannot be argued by the defendants as it would amount to an admission of malice in its erection. The billboard sign has advertising value to the defendants, but can such value peculiar to the defendants be found to be reasonable when considered with the other facts in the case? To accept the value peculiar to the defendants as an answer to the question whether or not the billboard was useless to the defendants would be to nullify the two statutes referred to previously. *Seymour* v. *Ives,* 46 Conn. 109.

The court has noted that all stations selling the defendants' gasoline (Atlantic) have on their premises at some elevation a sign with just one word on it, "Atlantic." This sign is approximately three feet by five feet. The billboard sign erected by the defendants, approximately twelve feet by twenty-five feet, is not present on all other stations selling the defendants' gasoline. It is an optional item and erected only as dictated by the location, ownership or volume of business of each station. It is not in the same category of necessity as the three-by-five-foot sign. The large billboard, when viewed as to its location on the defendants' premises, and when its effect on the plaintiffs' sign is examined, can be deemed to be of no value to the defendants. Its advertising value must be regarded as merely an incident and cannot be used to overcome the allegation of malice. Perhaps it does sound odd that, without any intervening change of conditions, a sign at one point would be deemed useless and yet a few feet away would be admitted to as having value, but the statutes concern themselves wholly with the motives in the act complained of.

Points (2) and (3) of the formula, asking whether or not there was a malicious erection of the structure and whether or not there was an intention to injure the enjoyment of the adjacent landowner's land by the erection of the structure, can be considered jointly. The evidence, as presented, with reference to unsuccessful attempts by the defendants, prior to their acquisition of their present station adjacent to the plaintiffs, to purchase the plaintiffs' station, the problem with snow removal, the discussions as to gasoline prices, and the natural business displeasure of a nationally advertised product versus a comparable unbranded lower-priced product, makes for a background of malice but can hardly be regarded as going much beyond the nat-

ural hostility engendered by business competition in a highly competitive field. The question of malice, and whether a structure was maliciously erected, is to be determined by the character, location, and use of the structure in question.

The court finds, from a study of the physical facts alone, that there was a malicious erection and an intention to injure an adjacent landlord's enjoyment of his land. The billboard sign erected by the defendants at its present location serves to blot out the plaintiffs' price sign and thus injures the plaintiffs in the use and enjoyment of their property. Its location indicates that the controlling purpose of its erection was to injure the plaintiffs. The defendants' argument that the sign was legally erected and that it could have been placed closer to the street with even more harm to the plaintiffs is of no consequence. To follow such a thought would be to allow the defendants to obliterate from oncoming traffic all traces of the plaintiffs' station and thus wipe out the plaintiffs' business. The sign in question was wilfully erected, thus maliciously erected in knowing disregard of the rights of others. The defendants' billboard sign was of a description, location, and surrounding indicative of a controlling purpose in its erection to injure the plaintiffs.

The court appreciates the basic property rights that an owner possesses, and that one can use his own land as he sees fit. Fair advertising and business competition must not be hindered. However, legislation and legal opinion for many years has limited property rights to the extent that other property owners are not injured. The basic concept of zoning regulations is to limit property rights of an individual for the common welfare of a neighborhood. It is accepted universally that a property owner has the common duty of taking care in the

exercise of property rights. See *Canfield Rubber Co.* v. *Leary*, 99 Conn. 40.

Proof of damage to the plaintiffs' property was not adequate for a finding of a specific amount of money damages; the damage to value can be restored by injunctive relief. The court does find that the billboard sign in its present location creates an irreparable injury, and an injunction will accordingly issue, under a weekly penalty of $1000, restraining the defendants from maintaining the billboard sign from May 1, 1965, on, at a point less than sixteen feet from the Main Street property line.

The pleadings list two plaintiffs and three defendants. There was testimony as to the status of each, the actual owner, holding corporations, leasing corporations, and further details as to the inner manipulations of the parties involved. Owing to the intermingling of the parties concerned, all the plaintiffs are considered as one, and all the defendants are considered as one. Orders emanating from this opinion are to be obeyed by all without any distinction as to their particular situation or interest in this case.