[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Salvation Army, Inc., seeks a temporary injunction requesting that the court order the defendants, JAG Ltd. and Joseph DaSilva, Jr., to remove portions of a fence that lie on the plaintiff's property and to remove the remaining portions of the fence which interfere with the plaintiff's use of the property. After a hearing on the application on September 8, 1997, the defendants removed the portion of the fence that encroached on the plaintiff's property. Thus, the only issue before the court is whether to enjoin the defendants from maintaining the remaining portion of the fence in its present state and location. The court finds the following facts.
The plaintiff has maintained a thrift store and donation center at 129 Main Street, Danbury in furtherance of its CT Page 13745 religious and charitable activities. In the rear of the store is a loading dock where the plaintiff's Main Street, Danbury in furtherance of its religious and charitable activities. In the rear of the store is a loading dock where the plaintiff's trucks, including a "semi," as well as private vehicles park to leave donated items. Access to the loading dock is over a driveway on Center Street which passes over a right-of-way ten feet in width which benefits the defendant JAG. (Exhibit 4.) This driveway is owned by the plaintiff. The defendants own property on either side of the driveway, to the east and to the west. When the plaintiff purchased the property in 1988, no fence existed on the defendants' properties. Thus, there was no interference with the ability of vehicles and trucks entering the driveway since the vehicles could utilize at least the air space of the defendants' property in entering, backing up to the loading dock and exiting the property. There is no other way for vehicles to gain access to the rear of the plaintiff's property except to use the narrow driveway to enter the loading area. There is no available loading zone on Main Street at the front of the store. The defendants' property to the east of the driveway is presently leased to a refuse company on a month-to-month basis. The lessee has placed concrete blocks and dumpsters against the fence.
The defendants erected the chain link fence in response to complaints they received regarding littering. The defendants' property was often littered with pieces of furniture, clothing and other items which the defendants claim resulted from the activities of the plaintiff in collecting used items. As a result, the defendants received a notice of violation from the Danbury Health Department ordering the defendant, JAG Ltd., to correct the conditions. The defendant contacted the plaintiff regarding the problem. (Exhibit "A") Dissatisfied with what it considered a lack of action or appropriate response, the defendant erected the chain link fence.
Since the erection of the fence, mirrors and windows of trucks entering the plaintiff's property have rubbed against the fence causing damage to the trucks or the fence. In addition, the position of the plaintiff's loading dock and the narrowness of the area between the loading dock and the defendants' property cause trucks unloading at the dock to suffer damage to tail lights, liftgates and fenders. The front part of a truck would project over the defendants' property line even if the wheels of the truck remained on the plaintiff's property. Occasionally, snow would be plowed from the plaintiff's property over the CT Page 13746 property line onto the defendants' property.
The defendants lease the land on their side of the fence to a refuse company which stores its dumpsters near the fence and which has placed large concrete blocks at various locations abutting the fences. These blocks prevent the lower portion of the fence from being pushed inward by trucks and other vehicles passing over the driveway to the plaintiff's loading dock.
Since February, 1995, negotiations between the parties have occurred which included the defendants' offer to lease or sell the property to the plaintiff. These negotiations have not resulted in a resolution of the parties' problems.
The plaintiff seeks a return to the status quo which would mean the removal of the fence and concrete blocks until such time as the case is heard on the merits. The plaintiff also argues that the defendants can be ordered to remove the fence and erect a second one a few feet from the property line. The plaintiff requests the court issue a temporary mandatory injunction. SeeStamford v. Kovac, 228 Conn. 95 (1993).
The plaintiff argues that the injunction can enter on the allegations of counts four and eight based on General Statutes §§ 52-570 and 52-480. Section 52-570 states as follows: "An action may be maintained by the proprietor of any land against the owner or lessee of land adjacent, who maliciously erects any structure thereon, with intent to annoy or injure the plaintiff in his use or disposition of his land." Section 52-480 provides that "[a]n injunction may be granted against the malicious erection, by . . . an owner . . . of land, of any structure upon it, intended to annoy and injure any owner . . . of adjacent land in respect to his use or disposition of the same."
In Whitlock v. Uhle, 75 Conn. 423 (1903), the court enunciated certain conditions that created liability for the malicious erection of a structure. "These conditions are: [1] A structure erected on the owner's land; [2] a malicious erection of the structure; [3] an impairment thereby of the value of adjacent land; [4] an intent by means of the structure to injure the adjacent owner in the enjoyment or disposition of his land." Id., 426. The court further stated that "the intent to injure by the erection of the structure is an intention which must be discovered mainly from the fact that the structure does impair the value of adjacent land and injure the owner in its use, from CT Page 13747 the absence of the reasonable possibility of any real advantage, whether of profit, protection, or pleasure, in the use of the land, and from the character, location and surroundings of the structure itself." Id., 427. See also DeCecco v. Beach,174 Conn. 29, 381 A.2d 543 (1977).
The plaintiff introduced evidence from a realtor who evaluates commercial property for listing purposes. He did not do a complete appraisal. Therefore, his testimony as to the impairment of the value of the plaintiff's property was sketchy at best. While the plaintiff may indeed suffer the loss of revenue and impairment in the value of its property, the court cannot find that the fence was erected with a malicious intent or to injure the plaintiff in its ownership of the land. The court finds that there is sufficient evidence that the defendants erected the fence to protect their property from accumulation of debris which resulted from the plaintiff's use of its property.
Next, the plaintiff argues that a temporary injunction should issue on the theory that the defendant maintains a private nuisance which has injured the plaintiff in its ownership of its property. In Tomasso Bros., Inc. v. October Twenty-Four, Inc.,221 Conn. 194 (1992), the court listed four elements which must be present to establish such nuisance:
 `(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages.' Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978); Kostyal v. Cass, 163 Conn. 92, 99-100, 302 A.2d 121 (1972); Heilig v. LeQuire, 4 Conn. App. 125, 127, 492 A.2d 542 (1985).' (Internal quotation marks omitted.) State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183, 527 A.2d 688 (1987). [Id., 197.]
In this case, the court does not find that the use of the defendants' land was unreasonable or unlawful. Zoning regulations permit 100 percent coverage of the site. There was no regulation brought to the attention of the court, therefore, that prohibits CT Page 13748 the defendant from maintaining a fence as close as this one to the property line. The condition complained of IS creating danger to the use of large vehicles entering the plaintiff' property. However, the plaintiff knew or should have known when it purchased the property that large vehicles would use the driveway to enter and leave. It was incumbent upon the plaintiff in purchasing the property to recognize that large vehicles might well intrude upon the property of the defendant. The evidence bore out the fact that the trucks occasionally encroached upon the defendants' property as evidenced by occasions when the fencing was damaged.
Accordingly, the court finds that, based on the evidence before it in this hearing, there is insufficient evidence to establish that the defendants created a nuisance.
The plaintiff claims that it merits the issuance of a temporary injunction because it has no adequate remedy at law and that it will be irreparably harmed if the injunction does not issue. The plaintiff presented evidence that its gross receipts have decreased ostensibly because there is a decline in donations made at the loading dock. If the plaintiff prevails on the merits of the case, it may seek money damages, an adequate remedy at law. However, it did not meet its burden of proof in seeking a temporary injunction.
For the foregoing reasons, the plaintiff's application for a temporary injunction is denied.
Leheny, J.