[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Toni DeCarlo, asks the court to issue a temporary injunction pursuant to C.G.S. §§ 52-480 and52-570[1], restraining the defendant, Barbara Priest, from constructing an addition to the defendant's home. These sections proscribe the malicious erection of a structure with the intent to annoy or injure the owner of adjacent land. Because there was insufficient evidence to substantiate this claim, the plaintiffs request must be denied.
To prevail on an application for a temporary injunction, the plaintiff must demonstrate that there is a reasonable probability she will be successful on the merits after a full hearing, that in the absence of the restraining order she will suffer irreparable harm without an adequate remedy of law, and that upon a balancing of the equities it is likely that the harm to the plaintiff if the injunction is not granted will be greater than that to the defendant occasioned by the granting of the order.Griffin Hospital v. Commission on Hospitals and HealthCare, 196 Conn. 451, 493 A.2d 229 (1985). In this case, the plaintiff has failed to show that there is a reasonable CT Page 5085-cc probability of success on the merits. For that reason, there is no necessity to address the other requirements of a temporary injunction.
There seems to be no dispute that the plaintiff now enjoys a view of the waters of Long Island Sound which will be, at the very least, impaired by the defendant's proposed construction. This consists of a two-car garage and a master bedroom above attached to the west side of the defendant's existing house. The plaintiff has no easement of any kind over the defendant's property, the defendant's proposal is legal both in location and in size, and she has obtained Coastal Area Management Act approval from the local zoning authority. The plaintiff claims to have proved malice because the defendant did not approach the plaintiff or other neighbors before initiating construction, and rejected the notion of placing the garage on the other side of the house which would not affect the plaintiffs views. However, putting the structure on the east side of the defendant's house is unacceptable to the defendant, because there is no feasible way to attach it to the house at that point, and that location would violate zoning regulations set back requirements.
The leading Connecticut case addressing malicious structures is still Whitlock v. Uhle, 75 Conn. 423 (1903) which was decided under the predecessor to the present statutes, the Act of 1867. In that case the Supreme Court instructed us that "[u]nder certain conditions damage done by a landowner to the land of an adjoining owner, which at common law raised no liability, is made a legal damage, and a liability to pay that damage is created. These conditions are: A structure erected on the owner's land; a malicious erection of the structure; an impairment thereby of the value of adjacent land; an intent by means of the structure to injure the adjacent owner in the enjoyment or disposition of his land. Briefly stated, the Act is this: The erection of any structure on one's own land which impairs the value of adjacent land, shall hereafter create a liability to pay the damage thus caused, when the structure is maliciously erected and erected with an intent thereby to injure the adjacent owner in the use or disposition of his land; and the commission of such injuries may be restrained by injunction." Whitlock v. Uhle,id, 426.
"The intent to injure Whitlock prong is, however, not established on this record. Whitlock explains that the CT Page 5085-cd real evil addressed by the statutes is the erection of a structure which substantially serves, and is intended to serve, no purpose but to injure [an adjoining land owner] in the enjoyment of his land. If the structure serves a legitimate purpose, it is not affected by the statutes. Whitlock
states that such a legitimate purpose may include a real advantage, whether of profit, protection or pleasure, in the use of the land by the person erecting the structure. This is to be determined by the character, location, and use of the structure rather than by any inquiry into the actual motive in the mind of the party erecting it. [Citations omitted; internal quotation marks omitted] Pressman v. Krause, Superior Court, judicial district of New Haven at New Haven, Docket No. CV93 0350902 (September 12, 1997, Blue, J.)
The character, location and use of the structure in this case clearly demonstrate that it cannot be categorized as one maliciously erected. When completed, it will be in harmony with the size and height of the defendant's existing house. Its location complies with all zoning regulations and indeed it has received approval under the State's Coastal Area Management Act. As far as its purpose is concerned, there can hardly be a more legitimate use or purpose than a bedroom and garage in a residentially zoned neighborhood. The defendant has the right to use her land in a legal manner and for legitimate purposes without subjecting herself to liability to others who may be affected by her use of her property. The plaintiff claims that she and other neighbors would have supported the defendant's request for a variance to place the addition on the opposite side of the property. The defendant, however, is not required to seek permission to build the structure on her land which would violate zoning rules and regulations without a variance, when it can be legally situated elsewhere, especially if she deems, in good faith as here, that such alternate placement is inferior and fails to meet her needs and purposes. The court can draw no inference of malice from these acts of the defendant.
Nor can the court label the defendant's structure a malicious one because she may not have approached the plaintiff or notified her of her intentions in advance of construction. However courteous or civil it may have been for the defendant to do so, her failure does not affect her legal duty to her neighbor under the statutes at issue here. The law does not govern manners or social graces. CT Page 5085-ce
Because the court concludes that the defendant's structure is not maliciously erected in violation of C.G.S. §§ 52-480 or52-570, it finds that there is no reasonable probability that the plaintiff will be successful on the merits of her case, and therefore the application for a temporary injunction is denied.
D'ANDREA, JUDGE.