[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE CLAIMS FOR, INTER ALIA, PUNITIVE DAMAGES
Plaintiff Lorraine Posack has filed a five count revised amended complaint against the defendants, Howard Raccio, The Shepard Group LLC and Howard Paving Company, Inc. The plaintiff alleges trespass (count one), intentional trespass (count two), treble damages pursuant to General Statutes § 52-560[1] (count three), damages pursuant to General Statutes § 52-564[2] (count four) and malicious erection of a structure in violation of General Statutes § 52-570[3] (count five).
Presently before the court is the defendants' motion to strike counts four (§ 52-564) and five (§ 52-570) of the plaintiff's revised amended complaint as well as the portion of paragraph three of the plaintiff's prayer for relief which seeks punitive damages with respect to counts three, four and five. As required by Practice Book § 10-42, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." PamelaB. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). CT Page 12030
Count four of the plaintiff's revised amended complaint alleges that, by clearing a swath of land on the plaintiff's property, the defendants converted the plaintiff's land, or an easement therein, as access for the adjacent parcel. (Revised Amended Complaint, Fourth Count, ¶ 18.) The defendants argue in their memorandum of law that in order to state a valid claim under § 52-564, the plaintiff must allege that the defendants (i) intended to deprive the plaintiff of her property or to appropriate it for themselves and (ii) the defendants wrongfully took, obtained or withheld the plaintiff's property. The defendants further argue that count four fails because the plaintiff does not allege that the defendants even knew that the portion of land they were clearing belonged to the plaintiff, and therefore the plaintiff's claim fails to allege the element of intent required for a § 52-564 violation.
The plaintiff counters that her complaint alleges plainly that the defendants knew they were on her property. Specifically, the plaintiff points out that her complaint alleges that the defendants sought zoning approval to develop the parcel adjacent to her land in 1999, that the plaintiff participated in public hearings on the proposed development and actively opposed it, that a survey of the defendants' land was prepared and filed in support of the development proposal clearly depicting the plaintiff's property line, that the zoning approval was denied, and that, on the day of the alleged trespass, the plaintiff told the defendants to stay off of her land. (Revised Amended Complaint, ¶¶ 5 through 12.) The plaintiff also argues that there is no authority suggesting that the "intentional and wrongful appropriation of an easement" may not fall within the prohibitions of § 52-564.
General Statutes § 52-564 states that "[a]ny person who steals any property of another . . . shall pay the owner treble his damages." "To `steal' commonly denotes `the commission of theft, that is the felonious taking and carrying away of the personal property of other. . . .'" Hirthv. Charbonneau, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388888 (July 23, 1997, Lavine, J.). "[S]tatutory theft under . . . § 52-564 is synonymous with larceny [as provided in] General Statutes § 53a-119. . . . Pursuant to § 53a-119, [a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or [withholds] such property from [the] owner." (Internal quotation marks omitted.) Hi-Ho Tower, Inc. v. Com-Tronics, Inc.,255 Conn. 20, 44, 761 A.2d 1268 (2000).
The court finds that count four of the plaintiff's revised amended complaint does not state a claim under § 52-564. The plaintiff has not alleged that the defendants took, carried away or wrongfully withheld property belonging to her. Instead, she claims that the defendants cleared CT Page 12031 a swath approximately 17 feet wide and 250 feet long across her land, creating an access easement, and that they used this easement on one occasion.[4] (Revised Amended Complaint, ¶¶ 13 through 14.) There is no allegation that the defendants ever deprived her of her land.[5]
Count five of the plaintiff's revised amended complaint alleges that the "[d]efendants' actions in clearing a swath through plaintiff's land for access . . . and leaving heaps of brush, wood and debris constitute malicious erection of a structure with intent to annoy and injure plaintiff . . . in violation of [General Statutes] § 52-570." (Revised Amended Complaint, Fifth Count, ¶ 20.) The defendants assert that count five fails to state a valid legal claim because the plaintiff does not allege that the defendants erected a structure on the defendants' adjacent land but, rather, on the plaintiff's own land. The defendants also argue that a pile of brush and other plant debris do not constitute a structure under § 52-570. The plaintiff counters that case law under § 52-570 has not adopted a particular definition of "structure" nor addressed an accessway located partially on both relevant parcels.
"When a structure, useless to the owner, injuring adjacent land and its owner, intended to work such injury, is wilfully erected, it is maliciously erected . . . (Emphasis added.) Whitlock v. Uhle, 75 Conn. 423,427, 53 A. 891 (1903). "The common elements of [§ 52-570] are: [a] structure erected on the owner's land; a malicious erection of the structure; an impairment thereby of the value of the adjacent land; [and] an intent by means of the structure to injure the adjacent owner in the enjoyment or disposition of his land." (Internal quotation marks omitted.) Pressman v. Krause, Superior Court, judicial district of New Haven at New Haven, Docket No. 350902 (September 12, 1997, Blue, J.) (stating Whitlock remains the leading case on § 52-570).
Construing count five most favorably to the plaintiff, it is clear that the plaintiff not alleged the essential element of a § 52-570
violation. Specifically, she has not alleged that the defendants built a structure on the defendants' parcel. She alleges, instead, that they cleared a swath through hers. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 580.
Paragraph three of the plaintiff's prayer for relief claims punitive damages with respect to counts two, three, four, and five. The defendants seek to strike the portion of paragraph three which seeks punitive damages with respect to counts three, four and five on the ground that punitive damages are not permissible where statutory causes of action provide express remedies. The plaintiff counters that, although not CT Page 12032 specifically labeled, the punitive damages claim was included as to count two (intentional trespass) and count five (malicious erection of a structure) and she is not pressing for punitive damages for counts three and four. As to count five, the plaintiff argues that because § 52-570
is silent as to remedies, punitive damages may be awarded.
"When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied." Fleischmann Distilling Corp. v. Maier BrewingCo., 386 U.S. 714, 720, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). See, e.g.,Koennicke v. Maiorano, 43 Conn. App. 1, 31-32, 682 A.2d 1046 (1996) (plaintiff may collect only those damages specified by a statute, and no additional punitive damages or attorney's fees). In Chrysler Corp. v.Maiocco, 209 Conn. 579, 592, 552 A.2d 1207 (1989), the Supreme Court took up the issue of statutory construction as it related to whether the legislature intended to provide or proscribe certain remedies, in that case, attorney's fees. "When the language is unclear . . . the court must ascertain the statute's meaning. . . ." (Internal quotation marks omitted.) Id. The court must also put the matter in a "proper legislative context." Id., 593.
General Statutes § 52-480, titled, "Injunction against malicious erection of a structure," provides: "An injunction may be granted against the malicious erection, by or with the consent of an owner, lessee or person entitled to the possession of land, of any structure upon it, intended to annoy and injure any owner or lessee of adjacent land in respect to his use or disposition of the same." The plaintiff's contention that § 52-570 is silent as to remedies does not account for the express remedy provided in § 52-480 for the malicious erection of a structure. Case law also suggests that an injunction pursuant to § 52-480 is the exclusive remedy for a violation of §52-570.[6] See, e.g., DeCecco v. Beach, 174 Conn. 29, 381 A.2d 543
(1977); Whitlock v. Uhle, supra, 75 Conn. 423; Bradford v. Kimmerle, Superior Court, judicial district of New London at Norwich, Docket No. 113078 (July 19, 1999, Hurley, J.).
For the foregoing reasons, the court enters the following orders:
I. The Motion to Strike is granted as to Court four;
II. The Motion to Strike is granted as to Count Five;
 III. The Motion to Strike is granted as to that portion of paragraph three of the plaintiff's Prayer for Relief which seeks punitive damages with respect to Counts three, four and five of the Revised Complaint.
CT Page 12033
Clarance J. Jones, Judge