[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE REVISED COMPLAINT (#120)
In this action the defendant faces various claims brought by two abutting neighbors of her property on Highland Lake in Winchester, Connecticut. The relevant causes of action at present concern claims that she placed tall trees and chicken-wire fencing covered by black plastic landscape cloth between her property and those of the two neighbors. The second count seeks injunctive relief and punitive damages for both neighbors pursuant to General Statutes § 52-480, which the statutory codifiers have entitled "Injunction against malicious erection of structure." The third count, claiming that the defendant tortiously interfered with a contractual expectancy of her easterly neighbor, the plaintiff Allen J. Bernardini, seeks actual and punitive damages. The defendant has moved to strike both these claims for punitive damages. She has also moved to strike the third count in its entirety. For the reasons stated below, the motion to strike the third count or its claim for punitive damages are denied while the motion to strike the claim for punitive damages in the second count is granted.
A motion to strike tests the legal sufficiency of an opponent's cause of action on claim for relief.
Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer for relief . . ., that party may do so by filing a motion to strike the contested pleading or part thereof.
Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). In reviewing the challenged allegation, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . Thus, [i]f facts CT Page 3561 provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. Microsoft Corp., 260 Conn. 59, 64-65, 793 A.2d 1048
(2002). "Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly."Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 629,803 A.2d 311 (2002). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667,748 A.2d 834 (2000).
 I. THE THIRD COUNT AND CLAIM FOR PUNITIVE DAMAGES
The elements of a claim for tortious interference with a contractual expectancy are well-established:
A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with the relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct.
Collum v. Chapin, 40 Conn. App. 449, 452, 671 A.2d 1329 (1996). The defendant claims that the third count, brought on behalf of the plaintiff Bernardini, does not plead sufficient facts for any of these elements.
As Bernardini correctly claims, a binding contractual relationship is not necessary to satisfy the first such element. Instead, our law requires merely that plaintiff plead that a defendant has tortiously interfered with an "existing or prospective business relationship." Hi-hoTower, Inc. v. Com-tronics, Inc., 255 Conn. 20, 31, 761 A.2d 1268
(2000). The facts here certainly plead a prospective contractual relationship between Bernardini, who hoped to sell his land, and a prospective purchaser who had agreed to purchase the land. Allegations that the defendant maliciously erected a dense barrier of tall trees and a four-foot-high chicken wire fence covered with black plastic for no legitimate purpose and the malicious purpose of intentionally interfering with a contractual expectancy between Bernardini and the potential buyer plead the requisite facts to establish that the defendant tortiously intended to interfere with the contractual expectancy. See Kecko PipingCo. v. Monroe, 172 Conn. 197, 201-02, 374 A.2d 179 (1977): CT Page 3562
[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.
(Citations omitted.) Contrary to defendant's assertions, the complaint sufficiently pleads that her allegedly tortious conduct caused loss to the plaintiff Bernardini by causing the prospective purchaser to abandon the sale.
The most difficult question raised by the defendant's motion to strike this count is whether the third count has sufficiently pleaded that defendant "knew" about Bernardini's business expectancy. Paragraphs fifteen and sixteen allege that defendant knew Bernardini was trying to sell his property and that a specific, named individual was interested in purchasing his property. Those allegations do not establish any relationship between Bernardini and that third person. The twenty-second paragraph, however, does allege that the defendant erected the trees, chicken wire and plastic fencing "for the purpose of intentionally interfering with the contractual expectancy" between the putative purchaser and Bernardini.
A person acts intentionally with regard to specific conduct or result "when [one's] conscious objective is to cause such result or engage in such conduct. Intentional conduct is conduct that is purposeful rather than conduct that is accidental or inadvertent." State v. Ramos,70 Conn. App. 855, 868, 800 A.2d 631 (2002). See also United ServicesAutomobile Association v. Marburg, 46 Conn. App. 99, 105, 698 A.2d 914
(1997):
In its most common usage, intent involves (1) a state of mind (2) about consequences of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act. Also, the intentional state of mind must exist when the act occurs. Thus, intentional conduct extends not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what the actor does. Furthermore, it is not essential that the precise injury which was done be the one intended. Rather, it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. CT Page 3563
(Citations omitted; internal omissions and elisions omitted.)
The logical implication of the allegation that defendant intended to interfere with the business expectancy is that it was her conscious purpose to bring about that specific result. She could not have had in mind such a purpose or result if she had not known about the expectancy. Reading the language of the complaint most favorably to the plaintiff and assuming all facts necessarily implied from those allegations, as is required on a motion to strike, the court concludes that these allegations sufficiently plead that defendant knew of the contractual expectancy.
The defendant also claims that no claim for punitive damages may arise from the third count. Although conceding that Connecticut allows an award of punitive damages for willful, wanton, or malicious tortious conduct, the defendant asserts that the third count is not sufficiently specific about what she did that constituted such conduct. The third count alleges that defendant maliciously erected an unsightly fence that has no legitimate purpose in order to block Bernardini's view of Highland Lake, to punish him for having opposed a previous application by defendant before the local inland and wetlands commission to build a stockade fence that would also have significantly blocked Bernardini's view of the lake from his property, and to interfere with his ability to sell the property. "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Alaimo v. Royer, 188 Conn. 36, 42, 448 A.2d 207
(1982). The pleaded facts would, if proven, meet this test.
 II. PUNITIVE DAMAGES CLAIM IN SECOND COUNT
The defendant also challenges the punitive damages claim sought in the second count, brought on behalf of all plaintiffs. A prior iteration of this count had claimed injunctive relief and punitive damages pursuant to General Statutes § 52-480.[1] The defendant moved to strike the punitive damages claim on the grounds that § 52-480 "provides for no other remedies in addition to an injunction" (Def.'s Motion to Strike Re: Amended Complaint, April 26, 2002, p. three), a motion granted by the court, Cremins, J. The present revised complaint has added a new paragraph to the second count alleging that the erection of the trees, chicken wire and plastic fence and defendant's refusal to remove them "reveals a reckless indifference to the rights of the plaintiffs and constitutes an intentional and wanton violation of those rights."
The new factual allegations meet the pleading prerequisites for punitive damages. The question remains, however, whether punitive damages CT Page 3564 are available in a count brought pursuant to § 52-480. Our courts have long construed this statute together with § 52-570[2] as part of an overall legislative scheme to provide statutory relief not available at common law "when a landowner has maliciously erected a structure on his land intended to annoy or injure an owner of adjacent land in the use or disposition of that land." Pressman v. Krause, Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 93-0350902 (September 12, 1997) (Blue, J.) (20 Conn.L.Rptr. 183). Each statute provides a different remedy for the same harm, § 51-480 authorizing injunctive relief and § 52-570 an action for damages. SeeWhitlock v. Uhle, 75 Conn. 423, 426, 53 A. 891 (1903). The plaintiffs already seek punitive damages in their first count for violation of § 52-270. As the court earlier held here, no such remedy is available under § 52-480. The presence of specific allegations that might entitle a party to punitive damages for some other cause of action does not change that outcome.
For the above-stated reasons, the motion to strike the claim for punitive damages in the second count is granted, and the remainder of the motion to strike is denied.
BY THE COURT
 STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT